No. 38,454

STATE OF KANSAS, *Appellee*, v. BERT SPRINGER, *Appellant*.

(239 P. 2d 944)

Opinion filed January 26, 1952.

*Phillip L. Harris* and *Robert A. Schermerhorn*, both of Junction City, argued the cause and *C. L. Hoover*, of Junction City, was with them on the briefs for the appellant.

*Lee Hornbaker*, county attorney, argued the cause and *Harold R. Fatzer*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this case defendant was convicted of grand larceny of cattle. He appeals.

After the verdict of guilty was returned defendant filed a motion for a new trial on some ten grounds. The only one raising this jury question is "That the court abused its discretion and thereby prevented the defendant from having a fair trial."

The specifications of error are that the trial court erred in overruling defendant's challenge for cause of prospective jurors, Belin and Cross.

Defendant divides its argument into three parts—Did the court err in overruling the challenge for cause of prospective juror Belin?; Did the trial court err in overruling the challenge for cause of prospective juror Cross?; and did such overruling constitute reversible error?

G. S. 1949, 62-1409 provides as follows:

"It shall be a good cause of challenge to a juror that he has formed or expressed an opinion on the issue or any material fact to be tried."

Juror Belin on his *voir dire* examination first testified when examined by counsel for the state he had neither discussed the case with anyone nor read about it in the papers; that he knew defendant and his father. He further testified in answer to questions as to his lack of prejudice or preconceived opinions "Well, possibly not." In answer to a question "Do you have any preconceived opinions of this man's guilt or innocence right now?" "Well, just things that I have read in the papers a while back." He said he recalled some of them. In answer to another question he said "Well, I think I could judge on the evidence."

In answer to questions by counsel for the defendant he said he knew the family of defendant. In answer to an inquiry whether he had a preconceived opinion in the case he said "Well, I might have."

The next question was "I see. Are there some opinions in your mind, Mr. Belin, that the defense will have to overcome in this case?" He testified "Yes, I think so."

At this point counsel for the defendant challenged him for cause. Thereupon the trial court interrogated as follows:

"The Court: Mr. Belin, if chosen as a juror in this case, do you think you could lay aside everything that you have read or heard of the case and decide it solely upon the evidence as you hear it from the witness stand and the law as given you by the court? A. I think so.

"Q. And you would do that? A. I would try."

The trial court then overruled the challenge.

Thereupon counsel for defendant interrogated him.

"Q. Mr. Belin, do you have any personal or business reason why you cannot serve on this jury and arrive at a fair and impartial verdict regardless of how long that might take? A. Well, it would depend on the weather. I live out on dirt roads and I can't get out too well if it thawed out. It might be pretty hard for me to get there sometimes.

"Q. After hearing all of the evidence that will be presented here to the jurors and you have formed a conviction as to the innocence or guilt of the defendant would you be willing to stick to that conviction when you retire to the jury room, regardless of how long it may take? A. Yes, sir.

"Mr. Harris: Pass for cause, your honor."

Juror Cross testified he had known the defendant for years. He further in answers to questions of counsel for the defendant testified, the men whose cattle defendant was charged with stealing were his cousins. At this point counsel for the defendant challenged him for cause. This was overruled.

Juror Mrs. Foerschler on her *voir dire* testified that she had read about the case in the newspapers but had not formed or expressed any opinion; that she was acquainted with defendant because she had worked for the county court and there was a case or two against him. On examination by counsel for defendant she testified these were liquor cases and she had a prejudice against drinking alcoholic beverages. In answer to further questions by counsel for defendant she testified as follows:

"Q. Are you a member of the WCTU? A. No.

"Q. Would the fact that the defendant might have been charged in the county court for some liquor violation, would that influence your decision in this matter? A. Absolutely not.

"Q. You would try this cause strictly on the evidence that is presented here in this trial? A. That's right."

Defendant did not challenge Juror Foerschler for cause.

After a few more questions counsel for defendant stated: "Pass for cause, your honor."

After some twelve persons had been passed for cause the state accepted the jury and made no peremptory challenges.

At no place in the argument on the motion for a new trial did the defendant contend that Juror Foerschler was objectionable to him. He made no such objection with respect to any juror who actually sat at the trial.

The defendant made six peremptory challenges. Amongst the jurors he challenged were Belin and Cross so that neither one of those sat on the jury.

After defendant's six peremptory challenges defendant passed for cause the last juror examined and made no further objection to the jury.

We will first consider defendant's argument as to juror Belin. Defendant concedes the question of whether a juror is disqualified because he has formed or expressed an opinion on the issue must be decided on the facts in the particular case. It is an issue of fact the trial court must determine. (See G. S. 1949, 62-1410.) The trial court's finding on such a question will not be disturbed unless it appears there has been an abuse of discretion. (See *State v. Hooper,* 140 Kan. 481, 37 P. 2d 52.) There we said:

"The determination of the question whether a prospective juror is qualified to sit in a case is a trial of that question to the court. (R. S. 62-1410). The trial court's decision on that question will not be disturbed on appeal unless disqualification appears as a matter of law, or it is disclosed that there has been an abuse of the court's discretion. (*State v. Stewart,* 85 Kan. 404, 116 Pac. 489.) 'It is the mind of the court which must be satisfied that the challenged juror is free from bias and prejudice.' (*Morton v. The State,* 1 Kan. 468, 472.) (See, also, *State v. Molz,* 91 Kan. 901, 139 Pac. 376; *State v. Mullins,* 95 Kan. 280, syl. ¶ 6, 147 Pac. 828; *State v. Tucker,* 137 Kan. 84, 91, 19 P. 2d 346."

We have quoted at length from the record on the examination of juror Belin because defendant argues it shows him not to be qualified and argues the trial court did abuse its discretion in overruling his challenge for cause as to that juror. On the whole, in view of the fact that the trial court saw the juror and participated in the examination and considering his answer to the last question of counsel for the defendant as well as to those of the court, we cannot say the court did abuse its discretion. The burden of searching the mind of a juror to ascertain whether what is in the mind is actually an opinion, or is merely a fleeting impression, is difficult. Counsel for both parties, as well as the trial court, seem to have gone about the business of examining this juror with commendable thoroughness. The business of getting a qualified jury is a tedious one at the best. We will not hold a trial court has abused its discretion in such a case unless it clearly appears.

We have a different situation in prospective juror Cross. The owner from whom the defendant was charged with stealing the cattle was Lichtenhaus. Cross testified he was their second cousin. He was challenged for cause and the challenge was overruled. Just why it was overruled is a little difficult to see. The pertinent statutes are G. S. 1949, 62-1406. It provides:

"Where any indictment or information alleges an offense against the person or property of another, neither the injured party nor any person of kin to him shall be a competent juror on the trial of such indictment or information. . . ."

And G. S. 1949, 77-201, ¶ 28, which provides:

"When a person is required to be disinterested or indifferent in acting on any question or matter affecting other parties, relationship within the degree of second cousin, inclusive, shall disqualify such person from acting, except by consent of parties."

In *State v. Hooper*, supra, we dealt with this question and said:

"At common law kinship by consanguinity within the ninth degree, as computed by the civil law, disqualified a juror (Bailey vs. Turner, 108 Kan. 856, 860, 197 Pac. 214; 35 C. J. 317). Perhaps our statute (R. S. 77-201, ¶ 28) would limit that to second cousins."

Juror Cross was clearly disqualified and the challenge to him for cause should have been sustained. Counsel for the state admit this ruling was error.

This brings us to the third question argued by defendant—Did the overruling of defendant's challenges for cause constitute reversible error? Since we have concluded that the trial court did not err in overruling the challenge to juror Belin, the question resolves itself into—Did the trial court err in overruling the challenge to juror Cross?

Defendant argues that after having two challenges for cause erroneously overruled and having exhausted his six peremptory challenges he was compelled to leave on the jury Mrs. Foerschler who was objectionable to him and would have rejected had he not been forced to exercise two of his peremptory challenges to remove Belin and Cross. He says there can be no doubt as to the reason for her being objectionable.

The trouble with this argument is that defendant did not challenge Mrs. Foerschler. He did not really in the final analysis evince any objection to her as a juror. The state brought out the facts about her having known defendant. The defense brought this out a little more clearly by ascertaining the type of case that had been against him. The defendant then asked some questions tending to clear up any doubt as to whether she could try the case strictly on the evidence presented. After this he passed her for cause. As far as the record in this case discloses he had no objection to her as a juror. Should we hold she was objectionable it would be

necessary for us to presume that counsel should have challenged her for cause. We cannot do that.

We considered this question in *State v. Hooper*, supra. In that case defendant had been charged with murder and convicted of manslaughter. There as here the defendant's challenge for cause of seven jurors had been overruled. Only one of them, however, had been permitted to sit. One of the challenged jurors, Titus, was kin to the decedent. The question was there, as here, Was it error for the trial court to overrule the challenge to Titus and thus force the defendant to exercise a challenge on Titus which he otherwise would have exercised on Bamber? We said:

"Titus did not sit as a juror in the trial of the case. He and five other persons challenged for cause by the defendant, which challenges were overruled, were later challenged peremptorily by defendant. Of the twleve jurors who heard the evidence and reached the verdict only one, C. W. Bamber, was challenged for cause, and as to him we have held the court properly overruled the challenge. Our constitution (Bill of Rights, Section 10) guarantees to an accused a trial by an impartial jury. That is all the accused can constitutionally demand (16 R. C. L. 291). While our statutes contemplate the use of peremptory challenges on jurors qualified for cause, error in the court's ruling on a challenge for cause, especially if the soundness of the ruling is seriously debatable, should not require a reversal of judgment of conviction, if in fact, as here, the defendant had a trial before an impartial jury."

This record is a little stronger for the argument of the state than is the Hooper case, since in that case Bamber was challenged for cause and the challenge was overruled, while in this case juror Foerschler was not challenged. See, also, *State v. Tucker*, 137 Kan. 84, 19 P. 2d 436, where we said:

"There is another reason why this ruling does not constitute error in this case. The juror was excused peremptorily and did not sit as in the trial of the case. It is not contended that any juror who was permitted to be upon the jury in the trial of the case was in any way biased or otherwise disqualified. In other words, the record indicates that the defendant had a fair, impartial jury to try his case. If that be true errors with respect to persons examined as jurors but who did not serve as such become immaterial."

Defendant argues the rule is as stated in 24 C. J. S. 889 as follows:

"It is also well settled in some jurisdictions that error in overruling a challenge for cause which necessitates the use of a peremptory challenge is reversible error, if accused exhausts his peremptory challenges in challenging other jurors before the completion of the panel, even though it was not shown that any juror objectionable to him was allowed to serve."

We prefer the rule as stated in 24 C. J. S. 889 as follows:

"Some cases, however, hold that error in overruling a challenge for cause is

not ground for reversal, although, by reason of the exhaustion of his peremptory challenges, accused is subsequently compelled to accept a juror legally competent but objectionable to him; other cases hold that even where accused is compelled to exhaust his peremptory challenges before completion of the jury by reason of error in overruling challenges for causes, he will not be entitled to a reversal unless it appears that by reason of the error one or more objectionable jurors were forced on him, as for instance, where it is shown that after the peremptory challenges were exhausted he had challenged for cause some of the jurors who were selected."

We are rather persuaded by the reasoning and soundness of the authorities upon which the above rule is based.

The constitutional guaranty is that an accused shall be tried by an impartial jury. The matter of peremptory challenges is merely statutory machinery for carrying out and securing the constitutional guaranty. Error in overruling a challenge to a juror is not ground for reversal unless the accused was prejudiced thereby. The real question is: Was the jury which tried defendant composed of impartial members? In the absence of any objection on the part of defendant to any member as it was finally drawn to try him we cannot say it was not impartial.

In this record counsel for the defendant after exhausting his six challenges and examining the last juror called made the solemn statement "Pass for cause, your honor." Thereupon the jury was sworn to try the cause. At that point there was no one in the jury to whom defendant objected.

The judgment of the trial court is affirmed.