No. 47,509

STATE OF KANSAS, *Appellee*, v. RICHARD NIX, *Appellant.*

(529 P. 2d 147)

Opinion filed December 7, 1974.

*Bruce W. Kent,* of Ryan & Kent, Chartered, of Hays, argued the cause, and was on the brief for the appellant.

*Simon Roth, Jr.,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action wherein Richard Nix (defendant-appellant) appeals from a conviction by a jury for the sale of marijuana which was not authorized by the Kansas Controlled Substances Act (K. S. A. 65-4101, *et seq.*) and contrary to L. 1973, ch. 259, § 2 (*b*) (K. S. A. 1973 Supp. 65-4127b [*b*]).

On December 15, 1972, John Eckhart, a special agent of the attorney general's office was assigned to the Hays, Kansas, area for the purpose of gathering evidence and assisting in the control of alleged illegal trafficking in drugs.

On October 6, 1973, Eckhart went to the residence of one Zack Gates to purchase cocaine from Gates. The appellant, who had been given permission to enter the house and watch a televised baseball game, was the only person there. The appellant admitted Eckhart into the residence and informed him that Mr. Gates had gone out to get more drugs but would return later. The appellant invited Eckhart to wait. Eckhart and the appellant watched the game and talked for a brief time, then Eckhart ask if he could purchase any drugs from the appellant. The appellant replied that he could and proceeded to another part of the house where he carefully weighed one-half ounce of marijuana. He put it in a plastic bag and handed it to Eckhart. Eckhart asked if $10 was all right and appellant acknowledged that it was. Eckhart testified that he handed the $10 to the appellant and the appellant put it in his left front jean pocket and stated that he would "see that Zack gets it." Thereafter Eckhart and the appellant returned to the living room and smoked some marijuana while watching the ball game. Eckhart subsequently marked the plastic bag of marijuana for identification and transported it to the Kansas Bureau of Investigation laboratory. A chemist from K. B. I. testified the material contained in the plastic bag was *cannibis sativa* L (marijuana).

According to the appellant's testimony Eckhart arrived at Gates' residence in a "very stoned or very high" condition and on several occasions asked for some drugs. The appellant testified that he did tell Eckhart that Gates kept some marijuana in a metal box behind the television set, that he would give him some and Eckhart could work out the financial arrangements with Gates. The appellant stated that when Eckhart asked how much the marijuana cost he replied there was no charge because it did not belong to him and

he would not know how much to charge anyway. According to the appellant Eckhart took out $10 and laid it on a counter and appellant made the statement, "Well, whatever you think is right."

The theory of the appellant's defense appears to be that he cannot be guilty of a sale because the marijuana actually belonged to Zack Gates, and he did not personally accept any money or request any payment for the marijuana. The appellant characterized the transaction as follows: ". . . I was giving it to him. I wasn't considering it a sale, I wasn't considering it that way at all."

We have recently stated in a case involving the sale of marijuana that:

". . . [A] sale under the Uniform Narcotic Drug Act is construed in a broad sense, giving it a meaning much wider than it is normally given in the context of commercial law and without regard to questions of the passing of title, the existence of consideration or who possessed the drug sold. See Anno: Uniform Narcotic Drug Act—'Sale,' 93 A. L. R. 2d 1008.

"Under the definitions contained in the Kansas act, subsection (10), ' "Sale" includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.' (L. 1957, Ch. 338, § 1.)" (State v. Woods, 214 Kan. 739, 744, 522 P. 2d 967.)

As the foregoing quote reveals, that decision was controlled by the Uniform Narcotic Drug Act (formerly found at K. S. A. 65-2501 et seq.) which was repealed in 1972 (L. 1972, Ch. 234, § 41). The appellant in the case at bar was prosecuted under the new act entitled "Uniform Controlled Substances Act" (K. S. A. 65-4101 et seq.), which does not define "sale". However, we are not constrained to restrict the definition discussed in State v. Woods, supra. Assuming the appellant's version of the facts, the transaction between Eckhart and the appellant nevertheless constituted a "sale". Whether or not the appellant possessed legal title to the marijuana, or received any consideration in return for the transfer is immaterial.

In view of the admissions made by the appellant in his testimony it is unnecessary to give more than summary treatment to the points asserted by the appellant on appeal.

The appellant first contends the trial court erred in overruling his request that a prospective juror be excused for cause.

During voir dire examination, Mr. Victor Engle, a prospective juror, stated in response to inquiry by the appellant's counsel that he understood it was the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. Counsel further asked whether in the event the defendant chose not to testify and not to

call any witnesses Mr. Engel would have some feelings that the defense should put on some testimony, and Mr. Engel replied, "Yes". Thereupon, counsel requested the court to excuse Mr. Engel for cause. The court then directed the following question to the prospective juror:

"THE COURT: Mr. Engle, can you listen to the evidence as brought out in the courtroom and all of the Court's instructions and decide the case based upon the evidence and the Court's instructions?

"MR. ENGLE: Yes.

"THE COURT: The objection is overruled."

Mr. Engel was not one of the jurors who tried the case; he was later removed by a peremptory challenge.

Whether a prospective juror is qualified to sit in the trial of a case is a question for determination by the court, and its ruling will not be disturbed unless there has been an abuse in the exercise of its power of discretion. (K. S. A. 1973 Supp. 22-3410; and *State v. Williams*, 182 Kan. 468, 322 P. 2d 726.) We think the ruling was within the trial court's discretionary power in overruling the challenge for cause directed to Mr. Engel. Assuming arguendo the court did err, the following rule, as stated in *State v. Sagebiel*, 206 Kan. 482, 480 P. 2d 44, applies:

"Generally, error in overruling a challenge to a juror for cause is not ground for reversal when the juror does not sit in the case and when the accused is not in some way prejudiced thereby. (*State v. Hoy*, 199 Kan. 340, 345, 430 P. 2d 275; *State v. Paxton*, 201 Kan. 353, 359, 440 P. 2d 650.)

"In *State v. Hooper*, 140 Kan. 481, 37 P. 2d 52, this court said:

" '. . . While our statutes contemplate the use of peremptory challenges on jurors qualified for cause, error in the court's ruling on a challenge for cause, especially if the soundness of the ruling is seriously debatable, should not require a reversal of judgment of conviction, if in fact, as here, the defendant had a trial before an impartial jury.' (p. 502)

"The constitutional guaranty requires that an accused be tried by an impartial jury. When a venireman is removed from the panel by peremptory challenge his qualifications or lack of them are no longer a controlling factor upon which to base prejudicial error on appeal. The question in such case is whether the jury who tried the accused was composed of impartial citizens. (*State v. Springer*, 172 Kan. 239, 239 P. 2d 944.)" (pp. 483, 484.)

The basis for appellant's next two points will be stated together.

The appellant contends the trial court erred in sustaining the state's objection to a question as to whether Eckhart was "involved in a scheme that the Kansas Attorney General's office got you out of." The appellant contends the questions were designed to lay a foundation for Eckhart's possible ulterior motives for testifying on behalf

of the state (citing *State v. Collins,* 162 Kan. 34, 174 P. 2d 126; and *State v. Tawney,* 81 Kan. 162, 105 Pac. 218). The state argues the nature and terms of Eckhart's employment with the attorney general were not material or relevant to establish any basis for impairing Eckhart's credibility as a witness, and that any attempt to impeach a witness by inquiring into any possible leniency arrangements with the authorities, and thereby exposing prior criminal convictions of the witness, is subject to the limitations of K. S. A. 60-421.

The appellant also contends the trial court erred in sustaining the state's objection to the appellant's cross-examination of Eckhart concerning the reason Eckhart had previously been admitted to a mental hospital.

The trial court permitted appellant's counsel to ask Eckhart whether or not he had spent some time in the High Plains Comprehensive Mental Health Clinic; how long he had been there; and why he had been admitted. Eckhart responded that he had stayed at the clinic 30 days for observation. Appellant's counsel then asked, "Observation for what reason, Mr. Eckhart?", and the court sustained the state's objection on the ground the question was irrelevant, incompetent and immaterial. Appellant's counsel further asked whether or not Eckhart remembered testifying at the preliminary hearing that he had been admitted into the mental hospital because he had habitual wanderlust. An objection interposed by the state to this question was also sustained.

The appellant contends Eckhart's mental condition was material in determining his credibility as a witness, and that the trial court abused its discretion and invaded the province of the jury by precluding a more searching cross-examination.

It is a familiar rule of this court that the scope and extent of cross-examination of a witness on collateral matters for the purpose of impeaching his credibility rests largely in the trial court's discretion. There must be some showing of abuse or of prejudice to the appealing party before a reversal is justified. (*State v. Ralls,* 213 Kan. 249, 515 P. 2d 1205; and *State v. Belote,* 213 Kan. 291, 516 P. 2d 159.)

Here counsel for the appellant made no proffer to the trial court out of the hearing of the jury, of the evidence which was claimed to have been erroneously excluded, and the substance of the evidence excluded was not made known to the trial court in any form as required by K. S. A. 1973 Supp. 60-243 (*c*) and K. S. A. 60-405.

Consequently, the appellant is in no position to assert error on either of the two points regarding the exclusion of evidence.

The appellant contends the trial court erred in restricting cross-examination of Eckhart regarding his use of drugs that might affect his ability to testify. The particular question asked by the appellant's counsel was:

"Did you take any kind of either drugs or marijuana at any period within the immediate past prior to appearing in this court today which might affect your ability to testify or affect your recollection?"

Previous questions asked by the appellant disclosed that Eckhart had not smoked any marijuana on the day he testified, and that Eckhart never used "hard drugs of any kind."

The state asserts that the clear purpose in asking the question assigned as error was not to test the ability of Eckhart to recall the transaction in controversy, but to impress upon the jury the witness' use of marijuana, a purpose clearly prohibited by K. S. A. 60-422. (*State v. Belote*, supra.)

In *State v. Belote*, supra, we held:

"For the purpose of discrediting a witness, evidence is not admissible to show that he is a user of drugs, or to show the effect of the use of such drugs, unless it is shown that the witness was under their influence at the time of the occurrences as to which he testifies, or at the time of the trial, or that his mind or memory or powers of observation were affected by the habit." (Syl. ¶ 4.)

The appellant argues the question was proper under the above rule to ascertain whether or not Eckhart was under the influence of any drugs at the time he testified.

We cannot say the trial court abused the exercise of its power of discretion by limiting questions as to Eckhart's use of drugs prior to testifying. Eckhart's testimony that he had not used marijuana on the day he testified and that he never used hard drugs was sufficient to establish that he was not under the influence of drugs at the time he testified.

The appellant contends the trial court erred in deleting a portion of L. 1973, Ch. 259 § 2 (*b*) (now K. S. A. 1973 Supp. 65-4127b [*b*]) from Instruction No. 1 given to the jury.

The jury was instructed as follows:

". . . It shall be unlawful for any person to sell . . . any hallucinogenic drug designated in subsection (*d*) of K. S. A. 65-4105."

The words "offer for sale, or have in possession with intent to sell," which are contained in the statute, were deleted by the trial court in giving the instruction.

The appellant states the effect of the deletion was to deprive the jury of the opportunity to review the entirety of the statute under which the appellant was charged.

We find no merit in this argument. In a criminal action it is the duty of the trial court to instruct the jury on the law applicable to theories of both the prosecution and the accused so far as they are supported by any competent evidence. The instructions given must be germane to issues raised by the charge in the information and limited to those issues supported by some evidence. (*State v. Hamrick,* 206 Kan. 543, 479 P. 2d 854, Syl. ¶ 3.) Examining the evidence in a light most favorable to the appellant (*State v. Farmer,* 212 Kan. 163, 510 P. 2d 180), there is no basis in the record for instructing the jury concerning an offer to sell or possession with intent to sell.

The appellant contends the trial court erred in failing to instruct the jury on possession of marijuana as a lesser included offense in a prosecution for the sale of marijuana.

The appellant acknowledges *State v. Woods,* supra, which held that possession of marijuana is not a lesser included offense in a prosecution for the sale of marijuana, but contends the case at bar is distinguishable. The rationale of *Woods* is that the sale and possession of marijuana are separate and distinct offenses, each requiring proof of elements not necessary in the other.

Having heretofore determined that the definition of a "sale" under the Uniform Narcotic Drug Act (See, *State v. Woods,* supra) will be appied to prosecutions for the sale of any hallucinogenic drug designated in the Uniform Controlled Substances Act, the decision in *State v. Woods,* supra, controls. Each of the acts prohibits a sale and possession with intent to sell designated halucinogenic drugs. Violations are classified as a class D felony in each instance under both of the acts.

The trial court did not err in failing to give an instruction on the crime of possession of marijuana because the crime of possession with intent to sell is not charged in the information, and it is not a lesser included offense of the crime charged in the information.

The judgment of the lower court is affirmed.