No. 48,006

STATE OF KANSAS, *Appellee* v. PATRICK MAHKUK, *Appellant.*

(551 P. 2d 869)

Opinion filed June 12, 1976.

*Philip C. Lacey,* of O'Keefe, Ball, O'Keefe & Lacey, of Atchison, argued the cause, and was on the brief for the appellant.

*Larry R. Mears,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Patrick Mahkuk, was convicted of burglary (K. S. A. 21-3715) and felony theft (K. S. A. 21-3701). The facts in the case are really undisputed. The defendant was charged with breaking into a house in Atchison owned by Philip Bridges and stealing a .22-caliber Remington rifle valued at more than $50. At the trial Philip Bridges testified that his residence was broken into on October 23, 1974. At the time the break-in was discovered Bridges observed a black dust, similar to that found at his place of employment, all over his bed. The defendant and Bridges both worked for the same company. After discovering that his rifle was missing Bridges notified the police. Police investigation revealed that a silver van similar to one owned by defendant had been

parked in front of Bridges's residence at approximately the time of the burglary. When the van departed the scene it proceeded for some distance without headlights. Bridges suggested to the police that the defendant knew he owned the gun. Upon investigation the police found Bridges's rifle in the defendant's van. The defendant was questioned by the police and admitted that he had entered the Bridges home and had taken the rifle. The defendant's confession was admitted into evidence without objection. Its admission is not one of the claimed errors on this appeal. Following his conviction by a jury the defendant Mahkuk appealed to this court claiming trial errors.

The defendant's first point on this appeal is that the trial court erred in failing to remove for cause from the jury panel the Atchison county sheriff, Ernie Hansen, during *voir dire*. The sheriff did not actually sit on the jury, but the defendant was required to use a peremptory challenge to dismiss him. Sheriff Hansen was questioned by the county attorney and his responses indicated that he could try the case impartially. He had just recently assumed the office of sheriff. Challenges for cause in criminal cases are governed by K. S. A. 22-3410 which contains a number of specific grounds for challenges of a juror for cause. Here the defendant relied upon two subsections of the statute which he contends required the court to dismiss the sheriff from the jury upon challenge. These sections are as follows:

"22-3410. Challenges for cause.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(2)  .  .  .  (*h*)  He occupies a fiduciary relationship to the defendant or a person alleged to have been injured by the crime or the person on whose complaint the prosecution was instituted.

"(*i*)  His state of mind with reference to the case or any of the parties is such that the court determines there is a doubt that he can act impartially and without prejudice to the substantial rights of any party."

The defendant maintains that the sheriff owes a fiduciary duty to the complaining witness and that his position as a law enforcement officer and his indoctrination in law enforcement would so affect his state of mind as to raise a doubt of his ability to act impartially. It should be noted that there is no specific exclusion from jury service granted to a law enforcement officer under K. S. A. 43-159, nor does 22-3410 specifically require that a law enforcement officer or other governmental employee be dismissed by the trial court on that ground alone. Challenges for cause are to be tried to the court

and decided in the discretion of the trial court. (*State v. Nix*, 215 Kan. 880, 529 P. 2d 147.) It is clear that the trial court is in a better position than this court to view the demeanor of prospective jurors as they are questioned. (*State v. Carpenter*, 215 Kan. 573, 527 P. 2d 1333.) The sheriff is a major law enforcement officer of each county in this state and the reluctance of a defendant in a criminal case to have a sheriff serve on his jury is quite understandable. In fact, we believe that it is better policy for a district court in its discretion to excuse a sheriff from a jury panel on challenge for cause. In the case before us, although the trial court could and probably should have dismissed Sheriff Hansen for cause on challenge by the defense counsel, the failure of the court to do so in this case in our judgment was not so prejudicial as to require a reversal of this case. The situation presented here was unusual since Sheriff Hansen had just recently taken office by defeating John Hawk, the previous sheriff, in a contested election in November 1974. The defendant had not been in the sheriff's custody during any of the time Sheriff Hansen had assumed his duties. At the *voire dire* Hansen testified that he had no specific knowledge of the case, that he could try the case impartially, and he knew of no reason why he could not serve fairly. In fact, counsel for the defendant did not question Sheriff Hansen on *voir dire* at all. There clearly was no evidence of Hansen's bias other than such possible bias and prejudice that might arise from his position as a sheriff. The general rule in other jurisdictions is that absent specific statutory provisions law enforcement officers need not be dismissed ipso facto for cause. (See cases collected in the annotation at 140 A. L. R. 1183.) There is some earlier case law to the contrary. However, the general trend of recent decisions seems to require a showing of some actual bias beyond a juror's occupation or profession. (*Walter v. United States*, 386 F. Supp. 309 [W. D. Okla.]; *Cavness v. United States*, 187 F. 2d 719 [9th Cir.]; *State v. Reese*, 250 La. 151, 194 So. 2d 729; and *Commonwealth v. Colon*, 223 Pa. Super. 202, 299 A. 2d 326.) There is another important reason why the defendant's conviction should not be reversed on this point. Sheriff Hansen did not actually sit as a juror in the case since he was removed by a peremptory challenge of the defendant. Under those circumstances where a challenged juror does not sit, the burden is upon the accused to show that in some way he has been prejudiced by the ruling of the trial court refusing to excuse the prospective juror for cause. (*State v. Sagebiel*, 206 Kan. 482, 480 P. 2d 44.) From our consideration

of the entire record before us we have concluded that the defendant has failed to show that he suffered any prejudice as a result of the trial court's refusal to excuse the sheriff from the jury for cause.

The defendant's next two points in substance raise a contention that the trial court abused trial counsel during the *voir dire* examination. Defendant complains that defense counsel was not granted the same leniency during *voir dire* as was granted to the prosecutor and further that the trial court reprimanded defense counsel in front of the jury. Defendant argues that the trial court erred by continuously interrupting his counsel and not allowing certain questions to be asked. Of necessity a trial court is vested with a wide latitude in its control over *voir dire*. K. S. A. 22-3408 (3) specifically provides that the trial court may limit the *voir dire* examination by the defendant, his attorney, or the prosecuting attorney if the court believes such examination to be harassment or is causing unnecessary delay or serves no useful purpose. Here the interruptions of defendant's counsel by the trial court on *voir dire* were largely in response to objections by the state to obviously irrelevant or improper questions. The major confrontation occurred when defense counsel attempted to ask the veniremen if they would convict the defendant with a confession as the sole evidence. The trial court stated that without the jurors' knowing what the confession stated, such questions were meaningless and unfair. We have carefully read the entire *voir dire* examination contained in the record and have concluded that no prejudicial error has been shown. In our judgment the trial court was acting within the proper ambit of its discretion in its control of the *voir dire* examination by defense counsel.

The defendant next maintains that the trial court erred in limiting the cross-examination of Philip Bridges by defendant's counsel. Specifically, defense counsel desired to introduce evidence of Bridges's past criminal activities to challenge his credibility pursuant to K. S. A. 60-420 and 60-421. Defendant was permitted to introduce evidence of a prior conviction of Bridges for the offense of forgery. However, the trial court excluded evidence of a previous conviction of Bridges for the offense of encouraging juvenile misconduct. The defendant presented no evidence which indicated that the prior conviction involved dishonesty or false statement. Apparently it was a charge involving a sex offense. Under the circumstances we cannot say that the trial court erred in excluding such evidence since it has not been shown that dishonesty or false

statement was involved. Defense counsel also sought to introduce evidence that Bridges had been convicted of theft while a juvenile. On objection the trial court excluded this juvenile conviction. A juvenile theft conviction involving dishonesty or false statement is admissible to attack the credibility of a witness following a sufficient proffer. (*State v. Deffenbaugh,* 217 Kan. 469, 536 P. 2d 1030; *State v. Wilkins,* 215 Kan. 145, 523 P. 2d 728.) Although the prior juvenile conviction for theft was admissible in this case we have concluded that in this case its exclusion did not constitute reversible error. The prior conviction of Bridges for forgery was admitted into evidence. Furthermore the witness Bridges testified only to the unlawful entry into his home, the theft and disappearance of his rifle and the value thereof. The rifle was discovered in defendant's van. The defendant admitted to the police officers that he had broken into Bridges's house and taken the rifle. Under these circumstances we cannot say that the refusal of the trial court to admit into evidence Bridges's prior juvenile conviction of theft constituted prejudicial error.

The defendant next contends that the trial court erred in refusing certain requested instructions offered by the defendant. It was not error for the trial court to deny the requested instruction on circumstantial evidence. (*State v. Wilkins,* supra.) Defendant further argues that there should have been an instruction on the lesser included offense of theft of lost or mislaid property. There is a total lack of any evidence in the record to warrant such an instruction, since the undisputed evidence was that the rifle was taken from Bridges's residence during the course of a burglary. As we have pointed out on a number of occasions, the duty to instruct on lesser included offenses arises only where there is at least some evidence on which the jury might reasonably convict the accused of a lesser offense. (*State v. Ponds and Garrett,* 218 Kan. 416, 543 P. 2d 967.) The requested instruction on the theft of lost or mislaid property was properly refused.

The defendant's final point is that the evidence was insufficient to convict him of the crime charged. Here the evidence was undisputed that the burglary occurred at the Bridges home and that it was defendant who entered the Bridges home and took the rifle. The evidence as to the value of the rifle is contained in the testimony of the owner Bridges, who testified as to the price he had paid for the rifle and stated that in his opinion the rifle was worth

$77 on the date it was stolen. Bridges was thoroughly cross-examined on this testimony and no contrary evidence was introduced. There was nothing to have prevented the defense from having the rifle appraised by an independent expert, if counsel had deemed it desirable to do so. Here the jury by its verdict found the value of the property stolen to be in excess of $50 and such verdict is binding on this court. For the reasons set forth above the judgment is affirmed.