No. 48,220

STATE OF KANSAS, *Appellee,* v. JANICE GRIFFIN, a/k/a JANICE THOMPSON, *Appellant.*

(558 P. 2d 90)

Opinion filed December 11, 1976.

*Barry K. Gunderson,* of Mangan, Dalton, Trenkle and Gunderson, of Dodge City, argued the cause and was on the brief for appellant.

*Terry J. Malone,* Ford County Attorney, argued the cause, and *L. W. Behnke,* Legal Intern, Ford County Attorney's Office, and *Curt T. Schneider,* Attorney General, were with him on the brief of appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal by defendant Janice Griffin a/k/a Janice Thompson from a conviction by jury trial of the crime of selling marijuana in violation of K. S. A. 1975 Supp. 65-4127b (*b*) (3).

The offense occurred on November 27, 1974, in Dodge City, Kansas. On that date, according to evidence presented by the state, the defendant and her companion Mike Tabor sold marijuana to K. B. I. Narcotics Division special agent Dale Finger. Following this transaction, both were charged with selling marijuana. Tabor pled guilty and was awaiting sentencing at the time of the defendant's trial.

At trial, the state's sole witness was special agent Finger. His account of the sale differed from the testimony of Tabor and the defendant, who testified in her own behalf. The jury apparently believed Finger.

According to Finger's testimony, the defendant was very much involved with the sale. Finger testified that she had the marijuana in her possession for part of the evening and handed it to him when he offered the money; that both she and Tabor used the pronoun "we" in the conversation relating to the marijuana; and that she apologized for the small quantity of marijuana in the

bags, telling Finger, "We will make it up to you. We have a new shipment coming in."

The testimony of the defendant and Tabor was to the effect that she had no involvement with the sale. According to their testimony, Tabor set the price, kept the money and passed it on to the owner of the marijuana. The defendant did not discuss a sale or sale price, did not handle the money and did not have the marijuana in her possession. No shipment was coming in, and none was discussed.

After the state and defense had rested their case, the court and counsel retired to chambers to take up matters relating to the instructions. Defense counsel objected to some instructions and requested additional instructions. The appellant's three specifications of error relate to the district court's overruling these objections and requests for additional instructions.

The appellant's first contention is that the district court's refusal to instruct on the definition of "sale" substantially prejudiced her right to a fair trial.

The district court need not define every word or phrase in an instruction. Only where it appears that the instructions as a whole would mislead the jury or leave them to speculate should additional terms be defined. *See State v. Sparks,* 217 Kan. 204, 535 P. 2d 901. A term which is widely used and which is readily comprehensible to the average person without further definition or refinement need not have a defining instruction. *State v. Schoenberger,* 216 Kan. 464, 532 P. 2d 1085.

A "sale" of drugs is given a much wider meaning than a "sale" in the context of commercial law. Questions of the possession and passing of legal title, the existence of consideration, and who possessed the drugs sold are not regarded. A drug "sale" encompasses such transactions as barter, exchange or gift, or offer therefor. *State v. Nix,* 215 Kan. 880, 529 P. 2d 147; *State v. Woods,* 214 Kan. 739, 522 P. 2d 967.

Instructing on the definition of a marijuana "sale" would have been desirable since the term's meaning in this context varies somewhat from the commonly understood meaning of a commercial "sale." However, failure to so instruct was not prejudicial to the appellant. The commonly understood meaning of "sale" as it is widely used encompasses a narrower range of transactions than a "sale" of drugs. The absence of a defining instruction, therefore,

was to the appellant's advantage. Failure to so instruct did not substantially prejudice the right of the appellant to a fair trial.

The appellant next contends the district court erred in not instructing on the offense of delivery of marijuana. K. S. A. 1975 Supp. 65-4127b (a) (3). The appellant argues delivery of marijuana is a lesser included offense of sale of marijuana; as such, under the evidence of this case, the district court had an affirmative duty to instruct on delivery.

The judge's duty to instruct on lesser included offenses is set out in K. S. A. 21-3107 (3):

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

In Kansas, a crime may be a lesser included offense of the crime charged if it is: (1) a lesser degree of the same crime, (2) an attempt to commit the crime charged, (3) an attempt to commit a lesser degree of the crime charged, or (4) a crime necessarily proved if the crime charged were proved. K. S. A. 21-3107 (2). Only the latter possibility appears applicable in the instant case. Delivery of marijuana would be a lesser included offense of sale of marijuana if it were necessarily proved upon proof of sale. If delivery of marijuana requires proof of an element not necessary to proof of sale of marijuana, it is not a lesser included offense of sale. *See State v. Woods,* 214 Kan. 739, 522 P. 2d 967; Note, *The Doctrine of Lesser Included Offenses in Kansas,* 15 Washburn L. J. 40 (1976).

"Delivery" is defined in K. S. A. 65-4101 (g) as ". . . the actual, constructive or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." In *State v. Nix,* supra, we stated we were not constrained to restrict the definition of "sale" discussed in *State v. Woods,* supra. That definition of "sale" in a drug context "'. . . includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee.'" *State v. Nix,* 215 Kan. 880, 882, 529 P. 2d 147, 150-51. Under this broad definition of sale, each such transaction need not necessarily include an actual, constructive or attempted transfer of a controlled substance. Consequently, we hold delivery of marijuana is not a lesser included offense of sale

of marijuana, and the district court's refusal to instruct on delivery was not error.

The appellant's final contention is that the district court erred in refusing to include the word "intentionally" in the instruction on aiding and abetting.

Instruction number six given by the court was as follows:

"You are instructed that under the laws of this state, anyone who counsels, aids or assists another in the commission of any crime, either by conspiring, counseling, advising or assisting in any manner in the preparation or completion thereof, is equally guilty with the one actually committing the crime without regard to the extent of their participation and is guilty of such crime as though he had· himself, without assistance, committed the crime.

"The mere presence of a person who in no way counsels, aids or assists others in the commission of a crime by conspiring, counseling, advising or assisting in any manner in the preparation or completion thereof, does not make such person guilty of the crime."

Clearly, some intentional act is required for one person to be criminally responsible for a crime committed by another. K. S. A. 21-3205 (1) provides:

"A person is criminally responsible for a crime committed by another if he *intentionally* aids, abets, advises, hires, counsels or procures the other to commit the crime." (emphasis added)

PIK Crim. 54.05 provides:

"A person is responsible for the conduct of another when, either before or during the commission of a crime, and with the intent to promote or assist in the commission of the crime, he *intentionally* aids or advises the other to commit the crime." (emphasis added)

*See State v. Schriner,* 215 Kan. 86, 523 P. 2d 703.

But instruction number six cannot be considered in isolation from the other instructions. It is fundamental that the propriety of instructions to a jury is to be gauged by their consideration as a whole, each in conjunction with all other instructions. *State v. Ingram,* 211 Kan. 587, 506 P. 2d 1148. Of the other instructions given, numbers five and seven also involved intent.

In instruction number five, the jury was instructed that to establish the charge against the appellant, it must be proved:

"1. That the defendant sold marijuana (Cannabis sativa L.);

"2. That she did so *willfully, knowingly* and *intentionally;* and

"3. That she did so on or about the 28th day of November, 1974, in Ford County, Kansas." (emphasis added)

In instruction number seven the jury was informed that:

"There is a presumption that a person *intends* all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true." (emphasis added)

Instruction seven is merely a rule of evidence and does not purport to charge the jury to find criminal intent necessary for conviction. *See, State v. Clingerman,* 213 Kan. 525, 516 P. 2d 1022. Instruction five informed the jury that before the defendant could be found guilty they must find she acted willfully and intentionally. The first paragraph of instruction six informed the jury of the elements of aiding and abetting; the second paragraph, that appellant's mere presence did not make her guilty of a crime.

We agree with the appellant that the district court should have included the word "intentionally" in the aiding and abetting instruction consistent with K. S. A. 21-3205(1) and PIK Crim. 54.05. However, considering the instructions as a whole, we think the jury was adequately informed on the element of intent. The district court's failure to include the word "intentionally" in instruction number six did not amount to reversible error.

The judgment is affirmed.