(654 P.2d 492)

No. 54,626

STATE OF KANSAS, *Appellee,* v. JAMES LOGAN, *Appellant.*

Opinion filed December 2, 1982.

*Richard F. Waters* of Bengtson, Waters & Thompson, Chartered, of Junction City, for the appellant.

*Steven L. Opat,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., JEROME HARMAN, Chief Judge Retired, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

HARMAN, C.J. Retired: James Logan was convicted by a jury of felonious obstruction of official duty (K.S.A. 21-3808). His post-trial motions were denied, he was sentenced and now appeals.

The issues are the propriety of the charge and of an instruction to the jury.

On June 11, 1981, a warrant was issued by the district court of Geary County for appellant Logan's arrest. The warrant was for corruptly influencing a witness, a felony (K.S.A. 21-3806).

That evening appellant heard that police were looking for him. He drove to the Junction City police station to inquire about the situation. The desk officer, who knew appellant and also that there was a warrant at the station for appellant's arrest, informed appellant of the warrant and told him twice that he was under arrest. The officer was wearing his police uniform with badge and sidearm. He had just had a cast put on his leg because of a duty-related ankle injury. The cast was still wet and his doctor had instructed him to walk only with crutches. When appellant started backing toward the door, the officer followed him on crutches the best he could and told him to come back for the booking procedure. Appellant answered, "No. Ain't no cop gonna arrest me like that." The officer told him not to leave because if he walked out there would be other charges filed against him.

At the door appellant answered that if police wanted him they should bring the entire police department, because they were going to have to kill him to take him. Appellant departed in his car, the desk officer called for backup, and appellant was soon in custody. At trial appellant, a diabetic, testified that he was in a state of insulin shock at the time and did not remember what happened. On appeal he does not assert lack of intent.

Appellant was convicted of violating K.S.A. 21-3808, which provides:

"Obstructing legal process or official duty is knowingly and willfully obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty."

The scope of K.S.A. 21-3808 is broad. The 1968 Judicial Council note to the section states:

"Obstructing justice was an indictable crime at common law. The historic scope of the crime is quite broad, including almost any act that would interfere with the efficient operation of the courts. The section, which follows the former law quite closely, prohibits conduct included in the common law concept of obstructing justice. The phrase 'obstruct, resist or oppose' is construed in *State v. Merrifield,* 180 Kan. 267."

Appellant contends this statute is not applicable to his conduct,

rather the appropriate charge should have been aggravated escape from custody under K.S.A. 21-3810. That statute provides:

"Aggravated escape from custody is:

"(a) Escaping while held in lawful custody upon a charge or conviction of felony; or

"(b) Escaping while held in custody on a charge or conviction of any crime when such escape is effected or facilitated by the use of violence or the threat of violence against any person.

"Aggravated escape from custody is a class E felony."

In *State v. Pruett,* 213 Kan. 41, Syl. ¶ 6, 515 P.2d 1051 (1973), the court held:

"The escape statutes, K.S.A. 1971 Supp. 21-3809 and 21-3810, are applicable only where a person escapes from lawful custody while being held on a written charge contained in a complaint, information or indictment."

The *Pruett* court did note that in the adoption of our present criminal code the offense of obstructing legal process or official duty was retained as a distinct offense, along with the distinct offenses of escape from custody, misdemeanor and felony. 213 Kan. at 49. That court also held that the offense of obstructing legal process is broad enough to cover cases where a person escapes from lawful custody prior to the filing of a formal written complaint, information or indictment. 213 Kan. 41, Syl. ¶ 7.

The State argues that the escape statute does not apply because appellant was not in custody.

K.S.A. 22-2202(3) defines arrest as the taking of a person into custody in order that such person may be forthcoming to answer for the commission of a crime.

K.S.A. 22-2405(1) provides: "An arrest is made by an actual restraint of the person arrested or by his submission to custody."

K.S.A. 22-2202(7) defines custody as the restraint of a person pursuant to an arrest or the order of a court or magistrate.

A number of Kansas cases have dealt with arrest and custody in various settings. We note a few: In *State v. Williams,* 4 Kan. App. 2d 651, Syl. ¶ 3, 610 P.2d 111 (1980), this court stated:

"In order to constitute an act of arrest, there must be an intention or a purpose to take a person into the custody of the law, under a real or pretended authority, and an actual or constructive seizure or detention of such person."

In *State v. Greenberg,* 4 Kan. App. 2d 403, 405, 607 P.2d 530, *rev. denied* 228 Kan. 807 (1980), a custodial interrogation problem, the court defined custody as a demonstrated intent and

capacity of the interrogator to physically prevent the subject from avoiding the interrogation.

In *State v. Parks,* 5 Kan. App. 2d 644, 645, 623 P.2d 516 (1981), this was said: "A 'seizure' occurs when a law enforcement officer, by show of authority or by physical force, inhibits a person's liberty to the extent that he is not free to walk away."

In the light of the foregoing, it is clear that appellant was never in custody. Although the desk officer demonstrated authority to detain appellant and his intent to do so, due to his physical condition he could not impose significant restraint on appellant's ability to leave. The officer never touched appellant. In his own words, he attempted to arrest appellant—but was unable to do so. Appellant could not have been convicted under the escape statute. He was properly charged with obstructing official duty.

Appellant further contends that the trial court erred in giving the following instruction:

"A person is not authorized to resist, or obstruct, by force or other means, an arrest which he knows is being made by a law enforcement officer, even if the person believes the arrest is unlawful."

The instruction is based largely on K.S.A. 21-3217, which provides:

"A person is not authorized to use force to resist an arrest which he knows is being made either by a law enforcement officer or by a private person summoned and directed by a law enforcement officer to make the arrest, even if the person arrested believes that the arrest is unlawful."

See PIK Crim. 54.25.

In *State v. Nix,* 215 Kan. 880, 886, 529 P.2d 147 (1974), these standards were stated:

"In a criminal action it is the duty of the trial court to instruct the jury on the law applicable to theories of both the prosecution and the accused so far as they are supported by any competent evidence. The instructions given must be germane to issues raised by the charge in the information and limited to those issues supported by some evidence."

The instruction goes beyond the language of K.S.A. 21-3217 and the PIK instruction. The statute prohibits the use of force but does not expressly prohibit the use of other means. However, passive resistance to arrest or other legal process is prohibited by K.S.A. 21-3808. *State v. Pruett,* 213 Kan. 41; *State v. Merrifield,* 180 Kan. 267, 303 P.2d 155 (1956). The instruction accurately stated the law. Appellant did resist the desk officer's attempt to

arrest him by leaving the police station. To the extent that the instruction may have been inappropriate, any error was harmless. A judgment will not be reversed for nonprejudicial error.

Judgment affirmed.