No. 60,794

STATE OF KANSAS, *Appellant*, v. ROBERT HAGEN, *Appellee*.

(750 P.2d 403)

Opinion filed February 19, 1988.

*Gerald E. Wells*, assistant district attorney, argued the cause, and *James E. Flory*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the briefs for appellant.

*Patricia H. Jenkins*, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by the State from the district court's dismissal of a complaint filed against defendant Robert Hagen alleging obstruction of official duty of a police officer pursuant to K.S.A. 21-3808.

A Lawrence police officer was directing traffic on Saturday, September 27, 1986, in connection with heightened traffic occasioned by the annual Band Day of the University of Kansas. Robert Hagen allegedly stopped his automobile near to the officer and went over and argued with the officer, refused to obey the officer's orders, and generally interfered with the officer's ability to perform his direction of traffic. Hagen was charged with violation of K.S.A. 21-3808, which provides:

"Obstructing legal process or official duty is knowingly and willfully obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty.

"Obstructing legal process or official duty in a case of felony is a class E felony. Obstructing legal process or official duty in a case of misdemeanor or a civil case is a class A misdemeanor."

The district court dismissed the complaint on the ground that K.S.A. 21-3808 requires an underlying felony, misdemeanor, or civil case in order to classify the offense. Inasmuch as no such

underlying civil or criminal case was alleged under the facts herein, the district court concluded the complaint must be dismissed.

The first portion of the statute which sets forth the offense would appear to be applicable to the facts alleged herein. However, the alleged facts do not permit classification of the charge into either of the two penalty classifications set forth in the statute as there is no underlying felony, misdemeanor, or civil case. Were defendant to be convicted under the statute, what penalty or classification would attach?

K.S.A. 21-4502 provides in part:

"(1) For the purpose of sentencing, the following classes of misdemeanors and punishment and the terms of confinement authorized for each class are established:

. . . .

"(d) Unclassified misdemeanors, which shall include all crimes declared to be misdemeanors without specification as to class, the sentence for which shall be in accordance with the sentence specified in the statute that defines the crime; if no penalty is provided in such law, the sentence shall be the same penalty as provided herein for a class C misdemeanor."

Nothing in K.S.A. 21-3808 states that violation thereof is ever anything but a class E felony or a class A misdemeanor. There is no crime in the statute which has been declared to be a misdemeanor for which no class has been specified. Hence, the district court could not use K.S.A. 21-4502(1)(d) to classify the alleged offense herein as a class C misdemeanor.

This conclusion is supported by the history of K.S.A. 21-3808 which was enacted in 1969 as a consolidation of two prior statutes, K.S.A. 21-717 (Corrick) and K.S.A. 21-718 (Corrick), which provided:

"21-717. . . . If any person or persons shall knowingly and willfully obstruct, resist or oppose any sheriff or other ministerial officer in the service or execution or in the attempt to serve or execute any writ, warrant or process, or in the discharge of any official duty in any case of felony, every person so offending shall upon conviction be punished by confinement and hard labor for a term not exceeding five years, or by imprisonment in the county jail for a term not less than six months, or a fine not less than five hundred dollars."

"21-718. . . . If any person or persons shall knowingly and willfully obstruct, resist or oppose any sheriff or any other ministerial officer in the service or execution or in the attempt to serve or execute any writ, warrant or process, or in the discharge of any other duty in any case, civil or criminal, other than felony, or

in the service or attempt to serve any order or rule of court in any case, every person so offending shall on conviction be adjudged guilty of a misdemeanor, and punished by imprisonment in the county jail for a term not exceeding one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Clearly, the alleged conduct herein does not fall within the purview of either of the prior statutes which were consolidated into K.S.A. 21-3808.

The legislature has provided a specific statute for the alleged conduct herein. It is K.S.A. 1987 Supp. 8-1503, which provides:

"No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer or fireman invested by law with authority to direct, control or regulate traffic. Violation of this section is a misdemeanor."

Pursuant to K.S.A. 21-4502(1)(d) violation of K.S.A. 1987 Supp. 8-1503 is a class C misdemeanor.

The State did not attempt to amend the complaint herein to allege a violation of K.S.A. 1987 Supp. 8-1503. We must conclude the district court did not err in dismissing the complaint.

The judgment is affirmed.