Bob McDaneld, Administrator Board of Emergency Medical Services 109 S.W. 6th Street Topeka, Kansas 66603-3826
Dear Mr. McDaneld:
On behalf of the board of emergency medical services, you request an opinion concerning whether emergency medical technician-intermediates (EMT-I) or mobile intensive care technicians (MICT) who are authorized to draw blood for the purpose of determining the presence of alcohol or drugs from individuals suspected of driving while under the influence may refuse to do so without running afoul of K.S.A. 1993 Supp. 21-3808 which prohibits the obstruction of official duty. Evidently, there are some EMT-I(s) and MICT(s) who believe that providing care and treatment to an individual is incompatible with acting as an adjunct to a law enforcement officer by gathering evidence from the individual that they are treating. Other EMT-I(s) and MICT(s) are concerned that they may be summoned by law enforcement officers to draw blood when the attendants are not on duty.
K.S.A. 1993 Supp 8-1001, as amended by L. 1994, ch. 253, sec. 9(c) provides, in relevant part, as follows:
 "If a law enforcement officer requests a person to submit to a test of blood under this section, the withdrawal of blood at the discretion of the officer may be performed only by: (1) a person licensed to practice medicine and surgery or a person acting under the supervision of any such licensed person; (2) a registered nurse or a licensed practical nurse; or (3) any qualified medical technician, including, but not limited to, an emergency medical technician-intermediate or mobile intensive care technician . . . or a phlebotomist." (Emphasis added).
K.S.A. 1993 Supp. 21-3808, as amended by L. 1994, ch. 291, sec. 36 provides, in relevant part, as follows:
 "(a) Obstructing . . . official duty is knowingly and intentionally obstructing, resisting or opposing any person authorized by law . . . in the discharge of any official duty."
 "(b)(1) Obstructing legal process or official duty in the case of a felony . . . is a severity level 9, nonperson felony. (2) Obstructing legal process or official duty in a case of misdemeanor . . . or a civil case is a class A nonperson misdemeanor."
The crime of obstruction of official duty is broad and encompasses many activities. State v. Bowman, 252 Kan. 883, 890 (1993). Most of the cases involve a situation where a defendant makes a false statement or commits a dishonest act which substantially hinders the law enforcement officer in carrying out his or her duties. [See, e.g.: State v. Bowman,252 Kan. 883, 890 (1993) (making a false statement); State v. Pruett,213 Kan. 41 (1973) (escaping from custody prior to filing of a formal complaint).] Ultimately, it will be a question of fact whether there has been an obstruction of legal duty. State v. Parker, 236 Kan. 353, 364
(1984).
A prosecuting attorney has great discretion in deciding whether to file an obstruction charge against an EMT-I or MICT who refuses to draw blood. If such a charge is filed the prosecutor will have to establish beyond a reasonable doubt that the defendant "knowingly and willfully" opposed the law enforcement officer and that the refusal of the defendant "substantially hindered or increased the burden of the officer" in carrying out the officer's official duty. PIK2d, sec. 60.09 (1993).
In addition, before a prosecuting attorney can charge a person with a violation of K.S.A. 1993 Supp. 21-3808 there must be an underlying felony, misdemeanor or civil case because the penalty for obstruction is tied to the type of case with which the defendant allegedly interfered.State v. Hagen, 242 Kan. 707 (1988).
We also note the case of State v. Hatfield, 213 Kan. 832 (1974) where the court concluded that there was insufficient evidence to support a conviction for obstruction when the defendant refused to unlock the door of her home so that the sheriff could serve an order of protective custody on the defendant's minor daughter.
In short, it is our opinion that whether there has been an obstruction of official duty in violation of K.S.A. 1993 Supp. 21-3808 depends upon the facts of each case and that while a prosecuting attorney may file obstruction charges against an EMT-I or MICT for refusing to draw blood, it may be difficult to secure a conviction and have it upheld on appeal absent egregious facts.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm