No. 81,634

STATE OF KANSAS, *Appellant,* v. DAVID SEABURY, SR., *Appellee.*

(985 P.2d 1162)

Opinion filed May 28, 1999.

*Thomas P. Alongi,* assistant county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellant.

*Linda M. Barnes-Pointer,* assistant public defender, of Junction City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: The State appeals from an order dismissing a complaint charging David Seabury, Sr., with felony obstruction of official duty. K.S.A. 21-3808(b)(1). Seabury was arrested following a dispute with police during execution of a search warrant at his home. Following a preliminary hearing defendant was bound over for trial; he filed a motion to dismiss. The district court remanded the case to a magistrate judge for trial as a misdemeanor. The State then prepared an order of dismissal, which was approved by counsel and signed by the district court.

Our jurisdiction is under K.S.A. 22-3602(b)(1) (the State's appeal from dismissal of a complaint).

We are presented with three questions:

(1) May the State seek dismissal of a criminal complaint and then take a direct appeal of that dismissal?

(2) Was Seabury's motion to dismiss properly before the district court?

(3) Do the facts support a felony charge of obstructing official duty under K.S.A. 21-3808(b)(1)?

The answer to question (1) is "yes." With respect to question (2), we characterize Seabury's motion to dismiss as a timely objection to prosecution under K.S.A. 22-3208(3). The answer to question (3) is "no." Finding no error we affirm.

## FACTS

David Seabury, Jr., (Junior), the son of the defendant here, was a target of a cocaine trafficking investigation. The police obtained search warrants for both Junior's home and the home of Junior's girlfriend. Each search produced only a small amount of marijuana. Finally, the police sought and obtained a third warrant, this time for Seabury's home. The third warrant was based on information that Seabury's wife, Junior's mother, paid for Junior's pager and Junior often visited his parents' home. An incident occurring during the execution of the third warrant led to the felony obstruction charge against Seabury.

When the police executed the third warrant, neither Seabury nor his wife were at home. However, their daughter, who did not live there, was present. The police showed the daughter the warrant and asked her to sit on the couch. She complied. When Seabury arrived, the police were involved in the search. Seabury attempted to enter his house. The door was locked. He began banging on the door, demanding to be let in. According to the police, Seabury: (1) was irate and refused to sit on the couch, (2) demanded that he be allowed to accompany the police on their search of his home, but the police refused, (3) failed to cooperate, and (4) told police he was not going to allow them to search the house. A detective testified the entire incident, from the time Seabury began banging on the door until the time he was placed under arrest, was "[t]hree or four minutes."

The police recovered a small amount of marijuana and some drug paraphernalia. Seabury was charged in a three-count complaint with: (1) felony obstruction of official duty; (2) possession of marijuana; and (3) possession of drug paraphernalia. Seabury's counsel argued at the preliminary hearing that Seabury could not

be charged with felony obstruction. The magistrate judge disagreed, and bound Seabury over on the felony charge.

Seabury was arraigned on January 9, 1998, entering a plea of not guilty. On June 19, 1998, he filed: (1) a motion to dismiss and (2) a motion for a new preliminary hearing. The district court denied the motion for a new preliminary hearing, but reduced the felony obstruction count to a misdemeanor and remanded the case to the district magistrate for trial.

The district judge observed that the legal question was interesting. He offered to allow the prosecution either to reserve the question, remand the case for trial on the misdemeanor, or dismiss. The hearing ended with the prosecutor stating, "I'll decide whether I want it dismissed and take it up that way or just take the misdemeanor, run with it and deal with it." The court replied, "Okay, well, just keep everybody informed." The order of dismissal and this appeal followed.

## DISCUSSION

### Jurisdiction

Seabury suggests we have no jurisdiction to hear the State's appeal because the State voluntarily dismissed the charges. We disagree.

The State brings this appeal from a final order dismissing a complaint under K.S.A. 22-3602(b)(1). Seabury concedes that his counsel approved the dismissal order and failed to catch the "error." There was no "error." The district judge told the State when ruling from the bench that the question involved was interesting. The judge specifically said he would reserve the question, remand the case for trial on the misdemeanor charge, or dismiss, whichever the State preferred. Seabury contends there has been no final ruling in the case and no final judgment. This contention is controverted by the order of dismissal.

### The Motion to Dismiss

The State argues that Seabury's motion to dismiss was out of time and thus not properly before the district court. The State contends Seabury's motion was 141 days late, as K.S.A. 22-3208(4)

requires motions to dismiss to be filed within 20 days after arraignment.

Seabury counters by asserting that the motion was proper under K.S.A. 22-3208(3) as an "objection to prosecution," which may be brought at any time before trial. Seabury reasons he was contesting the State's interpretation of K.S.A. 21-3808 and not the facts shown at the preliminary hearing.

K.S.A. 22-3208(3) says:

> "Defenses and objections based on defects in the institution of the prosecution or in the complaint, information or indictment other than that it fails to show jurisdiction in the court or to charge a crime may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof . . . ."

K.S.A. 22-3208(4), relied on by the State, provides in pertinent part:

> "The motion to dismiss shall be made at any time prior to arraignment or within 20 days after the plea is entered. The period for filing such motion may be enlarged by the court when it shall find that the grounds therefor were not known to the defendant and could not with reasonable diligence have been discovered by the defendant within the period specified herein."

The question of the 20-day deadline was raised by the State below. The district court did not rule on the question, other than to state it could dismiss the case if it chose to.

A K.S.A. 22-3208(4) motion to dismiss based on the sufficiency of the evidence at a preliminary hearing may be brought any time before arraignment or within 20 days after a plea is entered. *State v. Smith*, 215 Kan. 34, 37, 523 P.2d 691 (1974). Seabury's motion was submitted well beyond this time period. If Seabury's motion was a K.S.A. 22-3208(4) motion to dismiss, it was out of time and should not have been entertained by the district court (absent a special finding by the court that the grounds for the motion were unknown to Seabury).

Seabury argues his prosecution on a felony charge is not allowed by law. K.S.A. 22-3208(3) permits a defendant to challenge the sufficiency of the complaint during three stages of the proceedings. *State v. Reed*, 254 Kan. 52, 57, 865 P.2d 191 (1993).

The State contends Seabury is arguing that the facts did not support the crime of felony obstruction of official duty. However, we look beyond the label and construe Seabury's motion as one challenging the sufficiency of the complaint (the institution of a felony prosecution against him). Our construction qualifies the motion as timely and carries our discussion forward to the third question on appeal.

Obstructing Official Duty Under K.S.A. 21-3808(b)(1)

Seabury reasons a complaint charging felony obstruction of official duty under K.S.A. 21-3808(b)(1) is defective if there is no underlying felony. The district court apparently agreed, as it concluded Seabury could not be charged with a felony obstruction count. The district court found that the felony charge was appropriate only where the obstruction had "to do with a felony charge."

The statute in question is K.S.A. 21-3808. Interpretation of a statute is a question of law; thus, our review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). Criminal statutes are to be strictly construed against the State. *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d 684 (1997).

K.S.A. 21-3808 states, in pertinent part:

"(a) Obstructing legal process or official duty is knowingly and intentionally obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty.

"(b) (1) Obstructing legal process or official duty in the case of a felony, or resulting from parole or any authorized disposition for a felony, is a severity level 9, nonperson felony.

(2) Obstructing legal process or official duty in a case of misdemeanor, or resulting from any authorized disposition for a misdemeanor, or a civil case is a class A nonperson misdemeanor."

The district court found there was insufficient evidence to support a felony charge of obstruction of official duty. The district judge said,

"In regard to the defendant's motion to dismiss, the court has fully reviewed the preliminary examination and has reviewed the law in this matter. . . .

"It is the Court's ruling that an obstructing a legal process of service or official duty is knowingly, intentionally obstructing, resisting or opposing any person authorized by law to serve a process of service or execution or attempt to serve or

execute a written warrant or process or order of the court in the discharge of its official duty *and that it has to do with a felony charge.*

"In this case, the Court finds that if there was an obstruction, based on the transcript of the preliminary hearing it was only one of a misdemeanor and therefore the Court will reduce the felony down to a misdemeanor obstruction." (Emphasis added.)

The State contends that K.S.A. 21-3808(b)(1) does not require an underlying felony. According to the State, (1) it was investigating cocaine trafficking, (2) the manufacture, sale, or distribution of cocaine is a felony, and (3), therefore, the felony obstruction count is proper.

According to Seabury, the search of his home was nothing more than a "fishing expedition" after two unsuccessful searches. The third warrant produced no cocaine and no felony charges. Therefore, Seabury questions whether police had any expectations of a "felony bust" when executing the warrant to search his home. Further, argues Seabury, by the time he was charged, the police and district attorney knew full well that there were no felony charges related to the investigation.

We agree with the trial judge that the question here is interesting. No Kansas case speaks directly to it. Most of the obstruction of process or official duty cases have been concerned with what it means to "obstruct." See, *e.g., State v. Parker*, 236 Kan. 353, 690 P.2d 1353 (1984); *State v. Gasser*, 223 Kan. 24, 574 P.2d 146 (1977); *State v. Hatfield,* 213 Kan. 832, 518 P.2d 389 (1974); *State v. Pruett*, 213 Kan. 41, 515 P.2d 1051 (1973); *State v. Merrifield*, 180 Kan. 267, 303 P.2d 155 (1956); *State v. Latimer*, 9 Kan App. 2d 728, 687 P.2d 648 (1984). However, we recently visited a related issue in *State v. Hudson*, 261 Kan. 535, 931 P.2d 679 (1997).

The issue in *Hudson*, a traffic stop case, was whether the State could charge Hudson with a felony rather than a misdemeanor obstruction of official duty based on facts about Hudson's status which were unknown to the arresting officer at the time of arrest. Hudson fled when a police officer attempted to pull him over for disregarding a stop sign. Hudson was eventually taken into custody. When police learned he had outstanding felony warrants, they charged him with felony obstruction for fleeing from the police.

We held official duty under K.S.A. 21-3808 is to be defined in terms of the discharging officers' authority, knowledge, and intent. Classification of an obstruction charge as a felony or misdemeanor depends on the reason the officer approached the defendant, not the status of the defendant. 261 Kan. at 538-39.

The State interprets *Hudson* to mean that if the officers executing the search warrant here anticipated the filing of felony charges because of the search, Seabury's felony charge is appropriate. Seabury counters: (1) the argument ignores the clear language of K.S.A. 21-3808(b)(1), "in the case of a felony"; and (2) the officers here had no reasonable expectation of a felony arrest.

Our key question is whether the language in K.S.A. 21-3808(b)(1) "in the case of a felony" means an underlying felony must have been committed before a defendant can be charged with felony obstruction of official duty. We conclude an underlying felony is required (either felony charges have been filed or there has been a felony committed). A plain reading of the statute and a review of the case law supports our conclusion.

*State v. Sullivan*, 17 Kan. App. 2d 771, 844 P.2d 741 (1993), examined K.S.A. 21-3808. Sullivan violated his felony parole. He was stopped for speeding. His license had been suspended. When informed he was being arrested, he resisted. The trial court held Sullivan had committed a felony because the warrant issued for his arrest by the Department of Corrections applied to a felony case. The *Sullivan* court disagreed, reasoning that the parole violation, not the prior felony, was the reason for issuing the warrant for violation of parole. 17 Kan. App. 2d 771, Syl. ¶ 1. According to *Sullivan*, a parole violation is a civil infraction, not a criminal offense, and thus not a felony. The case was remanded for resentencing on a misdemeanor obstruction conviction. *Sullivan* supports our requirement that a felony must have been committed for a felony obstruction count to follow.

The rationale behind *Sullivan* is found in *State v. Hagen*, 242 Kan. 707, 750 P.2d 403 (1988). In *Hagen*, the district court dismissed the complaint because K.S.A. 21-3808 required either an underlying felony, misdemeanor, or civil case in order to classify the offense. We said that where there was no underlying crime

charged, the facts did "not permit classification of the [obstruction] charge into either of the two penalty classifications" (either felony or misdemeanor). 242 Kan. at 708. We recognized in *Hagen* that the legislature had provided a specific statute for willfully failing to comply with a lawful traffic regulation, K.S.A. 8-1503. However, Hagen was not charged under K.S.A. 8-1503, and the State did not attempt to amend the complaint. We affirmed the district court's dismissal of the complaint. 242 Kan. at 709.

The prosecutor here advanced the following hypothetical in his argument before the district court:

"[Junior] was a suspect in a homicide and [the police] had probable cause to believe that the victim's bloodstained clothing was inside the residence of David Seabury, Sr. No charges filed yet, no proceedings pending; can anyone seriously argue for a second that it would not be felony obstruction for this man to stand up and slam the door in the officer's face and say you can't come in here?"

The prosecutor's analogy is flawed. In the blood-stained clothing hypothetical, the police know a crime has been committed—a homicide. Presumably, the police have a body. If Seabury obstructed the execution of a warrant to search his home under these circumstances, the obstruction would qualify as a K.S.A. 21-3808(b)(1) felony obstruction.

Here, no felony was committed, nor were felony charges filed based on the investigation. Obstructing the execution of a search warrant is not classified as a criminal offense under the Kansas Criminal Code. See K.S.A. 21-3101 *et seq.* Legislative intent as expressed in K.S.A. 21-3808 is to impose a criminal penalty on anyone who knowingly or willfully obstructs, resists, or opposes any person in the discharge of an official duty. *Sullivan,* 17 Kan. App. 2d at 773. Thus obstructing the execution of a search warrant here, although civil in nature, is a misdemeanor. See K.S.A. 21-3808(b)(2).

Should the legislature wish to classify obstruction of the execution of a search warrant under the Kansas Criminal Code it, of course, may do so. For examples of such legislative classifications see, *e.g.,* Va. Code Ann. § 18.2-460 (Michie 1998) (classifying obstruction as: [1] a class 2 misdemeanor for "knowingly obstruct[ing]" "without just cause;" [2] a class 1 misdemeanor for

doing so by threats of force; and [3] a class 5 felony for obstructing, by threat or force, proceedings related to the violation of Virginia's controlled substance laws); Ohio Rev. Code Ann. § 2921.31 (Anderson 1972) (classifying obstruction as a misdemeanor); and Mich. Comp. Laws § 750.479 (1991) (also classifying obstruction as a misdemeanor).

The facts here are unusual. No underlying felony was present, yet Seabury was charged with a felony.

Further, a review of prior cases reveals that where a defendant was charged with 21-3808 felony obstruction, an underlying felony was present. See, *e.g., State v. Sanders,* 225 Kan. 156, 587 P.2d 906 (1978) (five underlying felonies); *State v. Dalton,* 21 Kan. App. 2d 50, 895 P.2d 204 (1995) (revoked diversion of an underlying felony); *State v. Logan,* 8 Kan. App. 2d 232, 654 P.2d 492 (1982), *rev. denied* 232 Kan. 876 (1983) (corruptly influencing a witness).

The district court correctly reduced the felony count in the complaint to a misdemeanor.

Affirmed.

McFARLAND, C.J., dissenting.