(65 P.3d 555)

No. 88,057

STATE OF KANSAS, *Appellee*, v. DERMON D. STEWART, *Appellant*.

Opinion filed March 28, 2003.

*Julia Spainhour*, assistant appellate defender, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., WAHL, S.J., and PADDOCK, S.J.

BEIER, J.: Dermon D. Stewart appeals his conviction for one count of felony obstruction of legal process. He argues that the evidence was insufficient to support a conviction and that he should have been convicted of a misdemeanor rather than a felony.

Stewart was on probation in connection with 1998 and 2000 guilty pleas. In May 2000 Stewart visited Court Services Officer

Lynn Bryan because his regular court services officer was unavailable. Bryan had previously learned that Stewart had violated his probation and needed to be arrested.

Stewart admitted to Bryan that he had violated his probation. Bryan then contacted Judge Rebecca Pilshaw's assistant about obtaining a warrant, and the judge authorized the warrant. Bryan obtained the warrant from the judge's assistant and told Stewart he needed to accompany her to the warrant office. He did so.

Bryan and Stewart entered the warrant office together, and Bryan told Stewart the amount of his bond at that time. Stewart "took several steps back," said he could not afford that amount, and told Bryan that he wanted to speak with the judge. Bryan told Stewart it would not be possible for him to talk to the judge, since he "had been taken into custody and was going to jail." Stewart reacted by walking toward the door.

Bryan positioned herself between Stewart and the door, and Stewart pushed her. Bryan again moved in front of Stewart, and Stewart pushed her again. The second push was hard enough to knock Bryan off balance and cause her to stumble. Bryan then took hold of Stewart's arm, told him he was not leaving, and attempted to attract the attention of others in the warrant office. Deputy Vuu noticed the scuffle, jumped over a counter and rushed to take control of Stewart. Ultimately, several officers assisted and subdued Stewart.

Stewart was charged with one count of felony obstruction of legal process as a result of his behavior in the warrant office. After his bench trial led to a conviction, he was sentenced to 9 months' imprisonment.

Stewart now argues that he did not commit the crime of obstructing legal *process* because the process in this case, *i.e.*, the warrant, had already been served before he attempted to leave the warrant office. He concedes his actions once inside the warrant office may have supported a conviction of obstruction of official duty, or even attempted escape from custody, but asserts they did not support the crime of conviction.

When sufficiency of the evidence is attacked, the standard of review is whether, after review of all the evidence, viewed in the

light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Zabrinas*, 271 Kan. 422, 441-42, 24 P.3d 77 (2001).

K.S.A. 21-3808(a) reads:

"Obstructing legal process or official duty is knowingly and intentionally obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty."

This statute is construed broadly in Kansas. " '[T]o obstruct is to interpose obstacles or impediments, to hinder, impede or in any manner interrupt or prevent' " by direct or indirect means. *State v. Lee*, 242 Kan. 38, 40, 744 P.2d 845 (1987) (quoting *State v. Merrifield*, 180 Kan. 267, 270, 303 P.2d 155 (1956). It is apparent the question of whether a defendant has obstructed official duty — or process — depends on the facts of each case. See *Lee*, 242 Kan. at 41.

K.S.A. 21-3808(a) encompasses two different possible scenarios: one in which an individual is obstructed in the service or execution of process or order of a court, the other in which an officer is obstructed in the discharge of any official duty. *State v. Timley*, 25 Kan. App. 2d 779, 785, 975 P.2d 264 (1998), *rev. denied* 266 Kan. 1115 (1999). A conviction based on one scenario cannot stand if the defendant's actions actually fit the other scenario. See 25 Kan. App. 2d at 786.

The legal process Bryan was engaged in was serving the arrest warrant. Its service was complete when Stewart accompanied Bryan from Judge Pilshaw's chambers to the warrant office. Stewart's actions once inside the warrant office did not constitute obstruction of legal process. Stewart is entitled to reversal of his conviction because of insufficient evidence.

Because there will be no retrial, we do not reach Stewart's second issue regarding felony and misdemeanor classification.

Reversed.