(65 P.3d 1058)

No. 88,596

STATE OF KANSAS, *Appellee*, v. JEFFERY M. HINKLE, *Appellant*.

Opinion filed April 4, 2003.

*Rick Kittel*, assistant appellate defender, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., PIERRON and MARQUARDT, JJ.

RULON, C.J.: Defendant Jeffery M. Hinkle appeals his conviction of aggravated escape from custody, arguing that he was not in custody within the meaning of the statute.

On June 29, 2001, the defendant appeared in court for a probation revocation hearing on his felony conviction of attempted indecent liberties with a child. At the request of the defendant's attorney, the court continued the hearing but ordered the defendant remanded to the custody of the jail.

Because no officers from the county jail were present in the courtroom, the district court ordered the defendant, along with another individual who had been placed into custody, to remain seated in the jury box. The district judge remained in the courtroom for approximately 15 minutes awaiting the sheriff's deputy, but, when no one arrived, the judge left the courtroom. Before leaving, the judge instructed the two individuals they were in cus-

tody and that if they left without waiting for the sheriff to take them to the jail, they might be convicted of escape from custody.

About 15 minutes after the judge left the courtroom, a sheriff's deputy arrived and discovered Hinkle had left the courtroom. Consequently, the State charged the defendant with aggravated escape from custody in violation of K.S.A. 2002 Supp. 21-3810(a)(1).

After a bench trial upon stipulated facts, the defendant was convicted of aggravated escape and sentenced to 10 months in prison.

The sole issue raised by the defendant on this appeal is whether custody within the meaning of the aggravated escape statute is defined broadly enough to encompass the district court's order to the defendant to remain seated in the jury box until the sheriff's deputy arrived to take him to jail. This issue involves an interpretation of a statute, which is a question of law. See *State v. Engles,* 270 Kan. 530, 532-33, 17 P.3d 355 (2001). We possess unlimited review over questions of law. *State v. Frazier,* 30 Kan. App. 2d 398, 402, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002).

As charged in this case, a person commits aggravated escape from custody when one escapes "while held in lawful custody . . . upon a charge or conviction of a felony." K.S.A. 2002 Supp. 21-3810(a)(1). The statutory definition of "custody" encompasses "arrest . . . or any other detention for law enforcement purposes." K.S.A. 2002 Supp. 21-3809(b)(1). "Escape" is statutorily defined as a "departure from custody without lawful authority or failure to return to custody following temporary leave lawfully granted pursuant to express authorization of law or order of a court." K.S.A. 2002 Supp. 21-3809(b)(2).

The plain language of the statutory definitions indicate a broad reading of "custody." Here, there is no question that the defendant was being detained by the district court's order to remain seated in the jury box for a legitimate law enforcement purpose because the defendant had apparently violated the conditions of his house arrest. Because the defendant never received authorization to leave the jury box but, in fact, violated a specific order to remain seated in the jury box, the elements of escape from custody are satisfied.

The defendant's reliance upon *State v. Logan,* 8 Kan. App. 2d 232, 654 P.2d 492 (1982), *rev. denied* 232 Kan. 876 (1983), is mis-

placed. The statutory scheme in effect in *Logan* did not specifically define "custody" within the meaning of the escape from custody statutes. See K.S.A. 21-3809 (Ensley 1981). As a result, the court relied upon the general definition of custody found in the criminal procedure statutes. See K.S.A. 22-2202(7) (Ensley 1981).

However, even without the more specific definition, broadly defining "custody" for purposes of the escape from custody statutes, the *Logan* court would likely have determined the defendant was in custody under the circumstances presented in the present case. K.S.A. 22-2202(7)(Ensley 1981) defined "custody" as "the restraint of a person pursuant to an arrest or the order of a court or magistrate." Clearly, the defendant was under court order to remain seated in the jury box until a sheriff's deputy arrived to escort him to the county jail.

The defendant's argument provides no basis for overturning his conviction of aggravated escape from custody.

Affirmed.