Keith E. Schroeder Reno County District Attorney 210 W. 1st Street Hutchinson, Kansas 67501-5298
Dear Mr. Schroeder:
You inquire whether a school official can refuse to permit a law enforcement officer to interview a pupil on school property in connection with a criminal investigation where the pupil may be a potential witness. You indicate that the Kansas Association of School Boards (KASB) has advised its constituents in the affirmative. We concur.
A school superintendent has "charge and control" of his or her school, subject only to the dictates of the board of education.[1] The board itself has control of all school district property.[2] Thus, it would appear that, absent statutory direction to the contrary, school superintendents and school boards can determine whether, and under what circumstances, law enforcement officials can come onto school property. Exceptions exist for investigations involving child abuse or neglect,[3]
pupil identity,[4] and a pupil taken into custody pursuant to K.S.A.38-1624.
While there are no reported Kansas appellate court decisions that address this issue, Attorneys General in two states have concluded that, absent statutory direction to the contrary, school officials are not required to comply with a law enforcement officer's request to interview a child on school premises in a criminal investigation.[5] While the basis for such refusal has not been clearly enunciated, it may rest on the in loco parentis doctrine[6] which places the school official in the shoes of a parent who can decide, generally, whether or not his or her child will be interviewed by law enforcement.
You also inquire whether a school official's refusal to permit a law enforcement officer to interview a pupil regarding a criminal investigation where the pupil is a potential witness would amount to a violation of K.S.A. 21-3808, which prohibits an individual from "knowingly and intentionally obstructing, resisting, or opposing any person . . . in the discharge of an official duty."
Whether a person has obstructed official duty depends upon the facts of each case.[7] However, it is our opinion that securing a conviction and/or having it upheld on appeal in the situation you present would be difficult in light of Kansas appellate court decisions that distinguish between "an actual overt act of obstruction" that "substantially" hinders or increases the burden of a specific law enforcement officer[8] from a refusal to cooperate[9] which would not run afoul of the statute.
The other problem with sustaining a conviction for obstruction is that there must be an underlying felony, misdemeanor, or civil case in order to classify whether the obstruction is a class E felony or a class A misdemeanor.[10] K.S.A. 21-3808 provides, in part:
 "(b)(1) Obstructing . . . official duty in the case of a felony . . . is a severity level 9, nonperson felony.
 "(2) Obstructing . . . official duty in a case of misdemeanor . . . or a civil case is a class A misdemeanor."[11]
In State v. Hagen,[12] the defendant was charged with obstruction for arguing with a police officer and refusing to obey the officer's orders as the latter was attempting to direct traffic. The Kansas Supreme Court upheld the trial court's dismissal of the complaint because there was no underlying civil or criminal case alleged. Thus, while it is possible for a person to be liable under the obstruction statute where the underlying crime was not committed by such person, K.S.A. 21-3808 still requires an underlying felony, misdemeanor, or civil case.[13]
Summarizing, it is our opinion that unless an investigation involves child abuse or neglect, the identity of a pupil, or a pupil being taken into custody, a school official may lawfully refuse to permit a law enforcement officer to interview a pupil on school property in connection with a criminal investigation where the pupil may be a potential witness.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] K.S.A. 72-8202b(c).
[2] K.S.A. 72-1033.
[3] K.S.A. 38-1523(g) ("[a]dministrators of elementary and secondary schools shall provide to . . . law enforcement agencies access to a child in a setting on school premises . . . for the purpose of the investigation of a report of suspected child abuse or neglect").
[4] K.S.A. 72-53,106(c) ("[s]chool personnel shall provide law enforcement agencies with access on school premises to any child whose identity is being investigated").
[5] Arizona Attorney General Opinion No. I04-003 and I77-211; Kentucky Attorney General Opinion No. 92-138. See Wisconsin Attorney General Opinion No. 5-94 ("[s]chool boards have authority to enforce policies which mandate the manner, conditions, and content of police interviews with students on school premises").
[6] Beshears by and through Reiman v. U.S.D. 305, 261 Kan. 555, 560
(1997) ("[t]he teacher/administrator/student relationship has been said to fall within the in loco parentis doctrine. . . ." [C]hildren are released by their parents to the control and supervision of school officials for the time the children are involved in school or school activities").
[7] State v. Stewart, 31 Kan.App.2d 357, 359 (2003); State v.Parker, 236 Kan. 353, 364 (1984).
[8] State v. Parker, 236 Kan. 353, 360, 364 (1984) (insufficient evidence to sustain conviction for obstructing official duty when defendant arrested for prostitution advised police officer, in response to question regarding whereabouts of money, that she didn't know anything about money, even though evidence demonstrated that defendant had destroyed money in garbage disposal). State v. Lee, 242 Kan. 38, 42
(1987) (K.S.A. 21-3808 intended to deter obstruction of a specific police officer rather than justice generally). See 44 A.L.R.3d 1018 (1972) ("What Constitutes Obstructing or Resisting an Officer, in the Absence of Actual Force").
[9] State v. Hatfield, 213 Kan. 832 (1974) (no obstruction where defendant refused to cooperate with sheriff in gaining entry to home).See also Threadgill v. Beard, 225 Kan. 296, 303 (1979) (no duty to cooperate with or accommodate process server).
[10] State v. Hagen, 242 Kan. 707 (1988).
[11] (Emphasis added).
[12] 242 Kan. 707 (1988).
[13] State v. McCormick, No. 90,647, 2004 Kan.App. (October 1, 2004) (unpublished).