NOT DESIGNATED FOR PUBLICATION

No. 115,900

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JONATHAN S. NELSON,
*Appellee*.


MEMORANDUM OPINION


Appeal from Douglas District Court; ROBERT W. FAIRCHILD, judge. Opinion filed June 23, 2017. Reversed and remanded.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Joshua D. Seiden*, of Seiden Law Office, P.A., of Lawrence, for appellee.


Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, Assigned.


LEBEN, J.: The State appeals the district court's dismissal of a criminal charge against Jonathon S. Nelson for aggravated indecent solicitation of a child. The State had charged him with aggravated indecent solicitation of a child after he approached a 10-year old girl in a restaurant and asked her to accompany him to the men's restroom. As charged, the State had to prove that Nelson had invited or attempted to persuade the girl to join him in the bathroom with the intent to commit any one of eight unlawful sexual acts listed in the statutes defining this offense, K.S.A. 2016 Supp. 21-5508(b)(2) and

1

K.S.A. 2016 Supp. 21-5501(d). The district court dismissed the charge after concluding that the State had no evidence identifying which of the specific unlawful sexual acts Nelson intended to commit, so the jury would be left merely to speculate on that question.

But a lack of evidence on how many of the eight sexual acts Nelson intended to commit on this 10-year-old girl doesn't leave the State unable to prosecute him for this offense. Based on Nelson's actions and his past conviction for sexual exploitation of a child, an ordinarily prudent person could reasonably believe that Nelson asked the girl to join him in the bathroom with the intent to commit any or all of the enumerated unlawful sexual acts. That establishes probable cause to believe Nelson committed this offense, which is all the State must show to be able to proceed with a criminal prosecution. See *State v. Washington*, 293 Kan. 732, 734, 268 P.3d 475 (2012). We therefore reverse the district court's judgment and remand the case to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

We begin our more detailed review of the case with the facts as they were presented in the district court. Most of the facts we include here were presented by the State at an evidentiary preliminary hearing. At a preliminary hearing, the district court views the evidence in the light most favorable to the State. 293 Kan. at 734. Accordingly, in most cases, the defense doesn't present the defendant's testimony or present its case at the preliminary hearing; that was true here too. As a result, the evidence set out here is generally taken in a light favorable to the State's case.

A 10-year-old girl was standing at the drink station in a Lawrence restaurant getting orange slices when a man she didn't know, later identified as Nelson, approached her. Nelson put his left hand on her right shoulder, leaned down next to her ear, and asked, "Will you go to the male's restroom with me?" He then stepped back a few feet

and stared at her with body language that she interpreted to mean "'come on.'" At that point, the girl's mother started walking towards them, and Nelson headed to the back of the restaurant where the restrooms were located. The girl then rejoined her mother at their table and told her mother what Nelson had said. The girl's mother told a restaurant employee what had happened, and the employee called the police.

When police arrived, they found Nelson sitting with a woman and her young grandson. The woman told officers that she didn't know Nelson and that he had sat down uninvited after staring at her for some time. She reported that Nelson had made comments about her grandson being "'very handsome,'" "'a fine-looking young man,'" and "'cute.'" The restaurant employee told police that Nelson had been at the restaurant for about 2 hours and had drunk two pitchers of beer before starting on a third. The officer who interviewed Nelson described him as "very intoxicated."

Police took Nelson to the police station for questioning. Nelson told police that he had gone to the restaurant to celebrate his recent release from parole or probation. Police learned that Nelson had a previous conviction for sexual exploitation of a child stemming from possession of child pornography. Nelson initially told police that he had not spoken to anyone inside the restaurant but later recalled that he had asked a child whether she was enjoying her soda. He then claimed that he could not remember to whom he had spoken or what he had said.

The State charged Nelson with a single count of aggravated indecent solicitation of a child. The charging document alleged that Nelson had unlawfully "entice[d], command[ed], invite[d], persuade[d] or attempt[ed] to persuade a child under the age of 14 . . . to enter any vehicle, building, room or secluded place with the intent to commit an unlawful sexual act upon or with the child." See K.S.A. 2016 Supp. 21-5508(b)(2). Kansas law defines "unlawful sexual act" to include eight specific offenses: "any rape, indecent liberties with a child, aggravated indecent liberties with a child, criminal

3

sodomy, aggravated criminal sodomy, lewd and lascivious behavior, sexual battery or aggravated sexual battery." K.S.A. 2016 Supp. 21-5501(d).

In August 2015, the district court held a preliminary hearing. At such a hearing, the court determines whether the evidence showed a felony had been committed and whether there was probable cause to believe Nelson had committed it. See K.S.A. 2016 Supp. 22-2902(3). If so, the case can proceed. After the State presented its evidence at the preliminary hearing, Nelson's attorney asked the district court to dismiss the case for lack of probable cause due to a lack of evidence. The district court denied the request after finding there was sufficient evidence to meet the probable-cause standard; the case against Nelson would proceed toward trial.

But later developments brought the issue back before the court. Nelson's attorney withdrew, and a new attorney came on to represent him. The new attorney filed a motion asking the State to provide additional information about the charged crime so that he could prepare a defense. In particular, Nelson requested the State identify what specific unlawful sexual act it was alleging he intended to commit when he supposedly asked the girl to join him in the men's restroom. In his motion, Nelson noted that the Kansas pattern jury instructions require the State to identify a specific unlawful sexual act that the defendant intended to commit so that the elements of that act may be stated as part of the jury instruction for aggravated solicitation of a child. See PIK Crim. 4th 55.160 (2014 Supp.).

During a pretrial hearing on several motions, Nelson's new attorney made an oral motion to dismiss the charge because the State had failed to provide evidence of Nelson's intent to commit any specific unlawful sexual act. The State responded that Nelson's asking a young girl unfamiliar to him to join him in the bathroom was sufficient "circumstantial evidence of his intent to commit a sex crime in the bathroom." The State

4

also argued that it should be allowed to identify multiple possible unlawful sexual acts and let the jury decide what unlawful sexual act or acts Nelson intended to commit.

The district court asked the parties to submit written responses, noting that there was sufficient evidence of enticement, so the issue was whether the State had to identify and prove intent to commit a specific unlawful sexual act.

In its written submission to the court, the State argued that the evidence of Nelson's intent was sufficient to proceed to trial. The State argued that aggravated indecent solicitation of a child criminalizes conduct that could be perfectly innocent or legal—inviting a child to another room or secluded area—when that conduct is done with the intent to commit an unlawful sexual act. The State contended that there was sufficient evidence of Nelson's intent because, while intoxicated, he approached a young girl he did not know, placed his hand on her shoulder, put his face close to hers, whispered in her ear, and asked her to join him in the men's bathroom. The State emphasized that there could be no innocent explanation for those actions or why he walked off when the girl's mother approached. The State added that the claimed requirement to identify a specific unlawful sexual act was not imposed by statute but was instead artificially imposed by a Kansas pattern jury instruction. The State theorized that Nelson had asked the girl to meet him in the restroom "to commit any sex crime he could pull off" and said it would likely request that the jury instruction on aggravated indecent solicitation of a child include the underlying unlawful sexual acts of aggravated indecent liberties with a child and lewd and lascivious behavior.

In Nelson's written submission, he emphasized that there was no evidence of his intent to commit any of the specific unlawful sexual acts set out in the statute, so the jury would have to "engag[e] in pure speculation as to which enumerated sexual act or acts would satisfy the element at issue." He maintained that granting the motion to dismiss would be proper given the lack of sufficient evidence to proceed to trial.

5

On April 27, 2016, the district court issued a memorandum decision denying Nelson's motion to dismiss. The district court concluded that the State did not have to prove a specific unlawful sexual act and that the jury could simply consider the common meaning of "unlawful sexual act" in determining whether Nelson acted with intent to commit an unlawful sexual act.

But the next day, the district court reversed itself. In a new memorandum decision, the district court said that the State had conceded that it had to identify a specific unlawful sexual act that Nelson intended to commit and that "unlawful sexual act" was statutorily defined to include eight specific sexual crimes. The court summarized that the State intended to rely on Nelson's earlier conviction for sexual exploitation of a child and statements made during the investigation of that earlier crime to prove Nelson's intent to commit an unlawful sexual act. The court concluded that none of the evidence helped to determine which specific unlawful sexual act Nelson intended to commit.

The State then appealed the dismissal to our court.

ANALYSIS

I.    *As a Preliminary Matter, We Conclude the District Court Had Jurisdiction to Consider the Defendant's Motion to Dismiss.*

Before we consider the merits of the State's appeal, we must first consider a jurisdictional issue the State has raised. Although it didn't raise this issue before the district court, the State now argues that the district court did not have jurisdiction to consider Nelson's motion to dismiss because the motion was untimely and the district court did not make required findings to extend the time limit. If the district court lacked jurisdiction to consider the motion, we too would lack jurisdiction over the issue on appeal.

6

We can consider the issue on appeal, even though the matter wasn't raised in the district court, because jurisdictional issues may be raised at any time. *State v. Ernesti*, 291 Kan. 54, 60, 239 P.3d 40 (2010). Whether a court has jurisdiction is a question of law, so we review that question independently. *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016).

A defendant may raise any defense or objection that can be resolved without trial in a motion before trial. K.S.A. 2016 Supp. 22-3208(2). One such objection is a motion to dismiss, in which a party asks the court to dismiss the case without proceeding to trial or ruling on the merits. Defendants often raise motions to dismiss at the close of the preliminary hearing, arguing that the case should be dismissed because the State had failed to show probable cause that the defendant committed the charged crime. As a general matter, the sufficiency of the preliminary hearing may only be challenged by a motion to dismiss filed in the district court, and failure to do so amounts to a waiver of the issue. *Washington*, 293 Kan. at 734.

There's also a timing component provided by statute. K.S.A. 2016 Supp. 22-3208(4) provides that a motion to dismiss must be filed before the defendant is arraigned or within 21 days after the defendant enters a plea. The court can extend the period to file "when it shall find that the grounds [for the motion] were not known to the defendant and could not with reasonable diligence have been discovered by the defendant within the period specified herein." K.S.A. 2016 Supp. 22-3208(4).

Here, Nelson's second attorney made an oral motion to dismiss 8 months after Nelson pled not guilty, far outside the 21-day time limit. The State never raised the timeliness issue before the district court, and the district court did not make any special findings why it was extending the time period. On appeal, the State argues that because the motion was untimely and there were no grounds to justify extending the time limit, the district court lacked jurisdiction to consider the motion. The State's first argument,

7

based on jurisdiction, is simply a claim that the district court had no jurisdiction to consider the motion to dismiss because it wasn't timely.

There is some caselaw support for the State's argument that suggests a district court should not consider or entertain untimely motions to dismiss unless it makes the required special findings. In *State v. Seabury*, 267 Kan. 431, 434, 985 P.2d 1162 (1999), for example, the Kansas Supreme Court noted that if Seabury's motion was a motion to dismiss challenging the sufficiency of the preliminary hearing under K.S.A. 22-3208(4), it was untimely and "should not have been entertained by the district court (absent a special finding by the court that the grounds for the motion were unknown to Seabury)." In *Seabury*, the State had actually raised the timeliness of the motion before the district court, but the court did not rule on the issue and instead invited the State to dismiss the case. The *Seabury* court ultimately concluded that the motion was actually challenging the sufficiency of the complaint and was timely under that corresponding statutory provision. 267 Kan. at 435; see also *State v. Moore*, 35 Kan. App. 2d 274, 282, 129 P.3d 630 (2006) (noting that it was improper for the district court to consider an untimely motion to dismiss based on the sufficiency of the preliminary hearing without making necessary findings to expand the time limit to file).

In contrast to *Seabury*, though, the State did not raise the timeliness issue before the district court and did not object to the district court's failure to make the required finding to expand the time limit to file.

That's important. Since the State made no timeliness objection in the district court, no one brought the need for special findings to the district court's attention. Generally, litigants bear the responsibility for objecting to inadequate findings of fact and conclusions of law so that the district court has an opportunity to correct any inadequacy. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012); Supreme Court Rule 165 (2017 Kan. S. Ct. R. 214). If a litigant fails to object, we

8

usually do not consider omissions in findings on appeal and instead presume that the district court found all the facts necessary to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015).

The Kansas Supreme Court faced a similar issue in *McIntyre v. State*, 305 Kan. 616, 617-18, 385 P.3d 930 (2016), where the court applied the rule requiring a party object to inadequate findings to a district court's consideration of an untimely K.S.A. 60-1507 motion. McIntyre had filed his motion more than 1 year after his direct appeal was final, but K.S.A. 2016 Supp. 60-1507(f) required him to file within 1 year unless the district court extended the time period in order "to prevent a manifest injustice." The district court denied the motion on the merits without making an explicit finding of manifest injustice; the State did not object or move for reconsideration. Our court affirmed the district court's denial because the motion was untimely and did not address the merits. 305 Kan. at 617. The Kansas Supreme Court concluded that given the State's failure to object or request adequate findings, it would presume that the district court had properly found an essential fact to support its judgment—that it was necessary to expand the 1-year time limit to prevent a manifest injustice—and remanded the case to our court to address the merits. 305 Kan. at 618.

Here, the State never raised the timeliness issue or objected to inadequate findings. So we will presume that the district court made all necessary findings to support its judgment—that the grounds of the motion to dismiss were unknown by Nelson, so the time period to file the motion could be expanded. See 305 Kan. at 618.

Anticipating this potential problem, the State notes that the motion turned on the sufficiency of the evidence presented at the preliminary hearing, which normally wouldn't be new or undiscoverable grounds. But the district court was also aware that Nelson's first attorney was retained only for the purpose of the preliminary hearing and withdrew immediately after it. Nelson's second attorney was appointed 2 months after he

9

pled not guilty, so the second attorney could not have filed the motion to dismiss within the 21-day period. And the new attorney had to wait to receive a transcript of the preliminary hearing before figuring out how to proceed. Under these circumstances and given the State's failure to request adequate findings, we presume that the district court made all necessary findings to support its judgment and, therefore, that it had jurisdiction to consider the merits of the motion to dismiss.

II. *The District Court Erred in Dismissing the Charge Against Nelson for Lack of Probable Cause.*

On the merits, the State argues that sufficient circumstantial evidence established that Nelson had asked the girl to join him in the restroom with the intent to commit some unlawful sexual act. The State maintains that the jury can simply be instructed on some or all of the possible unlawful sexual acts and decide which act Nelson had intended. In response, Nelson argues that dismissal was proper because the State failed to present any evidence of what specific unlawful sexual act he intended to commit. He maintains that the State shouldn't be allowed to have the jury instructed on every possible unlawful sexual act, which would amount to a "'throw it at the wall and see what sticks' approach."

Because the district court's decision turned on the sufficiency of the evidence to establish probable cause, the parties agree that the standard of review applied at the preliminary hearing applies to this case. At a preliminary hearing, the judge "examines the evidence to determine (1) whether a crime has been committed and (2) whether there is probable cause to believe that the accused committed the crime." *Washington*, 293 Kan. at 733; see K.S.A. 2016 Supp. 22-2902(3). Probable cause at a preliminary hearing requires the evidence be sufficient "'to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'" 293 Kan. at 734 (quoting *State v. Berg*, 270 Kan. 237, 238, 13 P.3d 914 [2000]). In making its determinations, the district court must view all of the evidence in the light most favorable

10

to the State. *Washington*, 293 Kan. at 734. Even if the evidence is weak, if some evidence tends to show the charged offense was committed by the accused, the case should proceed to trial. *Berg*, 270 Kan. at 238. On appeal, this court reviews whether the evidence was sufficient to establish probable cause independently, with no required deference to the district court's conclusion. *Washington*, 293 Kan. at 734; *State v. Horton*, 283 Kan. 44, 56, 151 P.3d 9 (2007).

As charged, the State had to prove that Nelson invited, persuaded, or attempted to persuade the girl to accompany him to the men's bathroom with the intent to commit an unlawful sexual act. See K.S.A. 2016 Supp. 21-5508(b)(2). As discussed above, "unlawful sexual act" can refer to any of eight specific offenses: "rape, indecent liberties with a child, aggravated indecent liberties with a child, criminal sodomy, aggravated criminal sodomy, lewd and lascivious behavior, sexual battery or aggravated sexual battery." K.S.A. 2016 Supp. 21-5501(d).

Kansas cases involving indecent solicitation of a child or aggravated indecent solicitation have generally involved either solicitations that were explicitly sexual or potentially innocent statements followed by actions that underscored the defendant's intent to commit a specific unlawful sexual act. See, *e.g.*, *State v. Stout*, No. 103,202, 2011 WL 6942926, at *2-3 (Kan. App. 2011) (unpublished opinion) (finding sufficient evidence to convict the defendant of aggravated indecent solicitation when he asked a girl for the time, drove by her twice, and was caught masturbating in his car at a school less than 20 minutes later; his masturbating was compelling evidence of his intent to engage in lewd and lascivious behavior); *State v. Reed*, No. 95,130, 2006 WL 3353772, at *1 (Kan. App. 2006) (unpublished opinion) (defendant convicted of aggravated indecent solicitation of a child after he said to a girl, "'[G]et your ass in my car so I can rape you.'").

11

What makes this case unique is that neither Nelson's statement nor his actions provide proof of what specific unlawful sexual act he intended to commit. Fortunately, the girl's mother intervened, so nothing further happened. Even so, establishing probable cause only requires providing sufficient evidence for a prudent person to entertain a reasonable belief of the defendant's guilt. See *Washington*, 293 Kan. at 734. The circumstantial evidence certainly supports a reasonable person concluding that Nelson intended to commit *some* unlawful sexual act in inviting the girl to the bathroom. An adult man does not approach a young preteen girl he does not know, place his hand on her shoulder, put his face close to hers, invite her to join him in the men's restroom, and then give a look indicating she should follow him without some nefarious intent.

Nelson had a previous conviction for sexual exploitation of a child, evidence that would be admissible at trial to prove that he had a predisposition to commit a child sex offense. See K.S.A. 2016 Supp. 60-455(d). And, of course, a jury can infer intent from the circumstances of the case so long as the inferences are reasonable. *State v. Killings*, 301 Kan. 214, 223, 340 P.3d 1186 (2015); *State v. Martinez*, 290 Kan. 992, 1004, 236 P.3d 481 (2010).

The essence of the crime of aggravated indecent *solicitation* is not committing the enumerated unlawful sexual act, but rather, inviting or attempting to persuade a child to enter a place with the intent to commit an unlawful sexual act. See *State v. Derango*, 236 Wis. 2d 721, 733-34, 613 N.W.2d 833 (2000). It's not necessary that the evidence point to any one specific unlawful sexual act, so long as a jury could reasonably conclude that the defendant had intent to commit one or more of the prohibited sexual acts. Because there is probable cause to believe that Nelson committed aggravated indecent solicitation of a child, the district court erred in dismissing the charge.

In claiming that the State must identify a specific unlawful sexual act that he intended to commit, Nelson has focused extensively on the pattern jury instructions of

12

Kansas (PIK). The PIK instructions are developed by a special committee to promote clarity, accuracy, and uniformity in jury instructions. *State v. Appleby*, 289 Kan. 1017, 1061, 221 P.3d 525 (2009). While courts aren't required to use them, it is strongly advised that they do. 289 Kan. at 1060. The PIK instruction for aggravated indecent solicitation of a child requires the court to identify a specific unlawful sexual act that the defendant intended to commit and to provide the elements and definitions of that specified unlawful sexual act in the instruction. PIK Crim. 4th 55.160; PIK Crim. 4th 55.020 (2012 Supp.). Before the district court, the State challenged the appropriateness of the PIK instruction on aggravated indecent solicitation requiring a specific unlawful sexual act be identified but has abandoned that argument on appeal.

On appeal, the State argues that it should be allowed to instruct the jury on some or all of the possible unlawful sexual acts and let the jury decide which act or acts Nelson intended to commit. It's not unprecedented to instruct the jury on multiple unlawful sexual acts the defendant may have intended to commit in aggravated-indecent-solicitation cases. See *State v. Pena-Gonzales*, No. 112,174, 2016 WL 1614025, at *8 (Kan. App. 2016) (unpublished opinion) (instruction on aggravated indecent solicitation of a child provided that defendant had intent to commit either rape or aggravated indecent liberties with a child), *rev. denied* April 17, 2017. Based on the circumstantial evidence, a jury could reasonably believe that in inviting the girl to the bathroom, Nelson had the intent to commit any unlawful sexual acts that he could get away with—rape, lewd touching or fondling, criminal sodomy, or lewd and lascivious behavior. (The other unlawful sexual acts listed in K.S.A. 2016 Supp. 21-5501(d), sexual battery and aggravated sexual battery, apply only when the victim is at least 16 years old, so they don't apply here. See K.S.A. 2016 Supp. 21-5505[a], [b].) Because the evidence was sufficient to establish probable cause to believe that Nelson committed the crime, the district court erred in dismissing the charge.

We reverse the district court's judgment and remand the case to the district court for further proceedings.